STREET RAILWAY ADVERTISING COMPANY, Respondent, vs. LAVO COMPANY OF AMERICA, Appellant.

*April 8—October 14, 1924.*

*Foreign corporations: Contracts by non-licensed corporations: To place advertising in the state: Validity.*

Plaintiff, a New York corporation which had not complied with sub. 2 of sec. 1770*b*, Stats. 1921, made a written contract to place advertisements of defendant in certain street cars operating in Wisconsin. The contract provided that the defendant could not assign or sublet any of the privileges under it, and the plaintiff forwarded the business to a duly licensed corporation in Wisconsin which placed the advertising. *Held,* that the contract was void because the plaintiff had not complied with the statute, as all services thereunder were rendered by the plaintiff as principal. p. 400.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

Plaintiff, a New York corporation with no license to transact business in Wisconsin, in December, 1919, made a written contract with defendant, a Wisconsin corporation, whereby the plaintiff agreed to place card advertisements of defendant, furnished by it, in certain street cars operating in Wisconsin, for the agreed sum of $247.50 monthly from March 1, 1920. The defendant could not assign or sublet any privileges under such contract.

The contract also recited:

"If, for any cause, the company [plaintiff] shall cease to have the right to maintain, control, or continue the advertising in any of the cars covered by this contract, it reserves

the right to cancel the advertising hereunder, as to such cars, without prejudice to this contract as to the remainder." "If any payment provided for herein is not made within ten days after the same is due, the company may terminate this contract, and forthwith remove the cards from the cars, at any time during delinquency, and collect short-term rates in force on the date hereof, for service rendered."

It also provided that it should not be binding unless accepted by the plaintiff at its home office in New York, and such was there done.

The placing of such cards was commenced on March 15, 1920, and $684.17 paid thereon by two checks directly to plaintiff, when on August 7, 1920, defendant gave to the plaintiff written notice of its desire to cancel the contract as of August 1st. No further placing of such cards was thereafter done. December 2, 1920, before the contract year had expired, the plaintiff commenced this action in the civil court of Milwaukee county upon such contract; reciting the cancellation of August 7th; that plaintiff had then duly performed all of its duties and agreements upon its part to be performed and was ready, willing, and able to perform all of the other and remaining agreements and acts on its part to be performed under such contract; that there was due $533.17 at the time of said cancellation and further damages subsequent to and by reason of said cancellation, amounting in all to $2,000, for which damages were demanded.

Defendant answered admitting the making of the contract and alleging that the plaintiff was not at the time of the making of the contract, nor at the time of answering, licensed and permitted to do business in the state of Wisconsin and therefore the said contract was void, being in violation of sub. 2, sec. 1770b, Stats.

Plaintiff's evidence discloses that the contract was secured from defendant at Milwaukee through the solicita-

tion of one Latour, but no commission or compensation for obtaining such contract was paid by the plaintiff.

It further appeared that a corporation, Barron G. Collier, Inc., was another corporation with substantially the same officers and stockholders as the plaintiff but with headquarters at Chicago, and which was licensed to transact business in the state of Wisconsin and by whom said Latour was employed. The latter company had advertising contracts with the various street-car companies in whose cars defendant's advertising was to be placed. The plaintiff does a general advertising brokerage business for street-car advertising all over the United States, passing such business on to other advertising concerns owning the advertising privileges. Defendant's advertising was forwarded by the plaintiff to said other corporation, which was paid by plaintiff for such service. The defendant made an offer of judgment for the amount claimed and conceded to be due for such service up to August 1, 1920.

It also appeared from plaintiff's evidence that the reason why the contract, though obtained by the other corporation and the advertisements placed by it in the cars, was in plaintiff's name, was that such was a matter of internal policy. "Barron G. Collier, Inc. did not want to take this particular contract in its own name."

The civil court held that there was no violation of the provisions of sub. 2, sec. 1770*b*, and that plaintiff was entitled to judgment for the agreed monthly rate of the contract, subject to certain deductions and to the waiver by plaintiff of all excess over $2,000, the maximum amount of that court's jurisdiction.

On appeal the circuit court affirmed such judgment, and the defendant appeals.

For the appellant there was a brief by *Louis S. Wiener* and *Wolfe & Kolinski,* all of Milwaukee, and oral argument by *H. O. Wolfe.*

For the respondent there was a brief by *Nathan W. Klein* and *Churchill, Bennett & Churchill,* attorneys, and *Aaron B. Rosenthal,* of counsel, all of Milwaukee, and oral argument by *Mr. Rosenthal.*

The following opinion was filed May 6, 1924:

ESCHWEILER, J.   By sub. 2, sec. 1770*b*, Stats. 1921, the plaintiff as a foreign corporation was not permitted to transact business in this state because of its failure to have complied with the required provisions of the same section as to filing a copy of its articles.

By sub. 10, sec. 1770*b*, every contract made by or on behalf of such foreign corporation affecting the personal liability thereof before it shall have so complied with that law shall be wholly void on its behalf but enforceable against it.

The plaintiff in this case has obtained a judgment for damages for breach of a contract under which it, and none other, undertook to render all the services agreed to be performed.   No reference is made in contract or complaint to the other corporation which might have made a valid contract.   By the contract the defendant was expressly prohibited from assigning or subletting any privileges on its part and no provision made by which the plaintiff might assign or sublet on its part.   While undoubtedly the plaintiff might employ agents to carry out the business it undertook to transact, yet such business would be done for it as the principal nevertheless.   It was to the plaintiff, as principal, that the defendant made its payment for the services prior to August, and it is as principal that the plaintiff now seeks to recover.   If such an arrangement be upheld, it offers a very easy method of evading the statute.   The agreed compensation was for services to be rendered and business transacted within the state of Wisconsin, and the contract was squarely within the statute and void.

This disposition of the case is clearly supported by former rulings in this court and elsewhere.   In *Phœnix N. Co. v.*

*Trostel,* 166 Wis. 215, 164 N. W. 995, an agreement by a foreign corporation to ship into this state and here plant and replace shrubs and trees was held to be, even though involving the shipment of the articles from without the state, nevertheless the carrying on of local business and within the condemnation of the statute.

Also, in *Independent Tug Line v. Lake Superior L. & B. Co.* 146 Wis. 121, 131 N. W. 408, it was held that a contract for the towing of logs on Lake Superior between two points in the state of Wisconsin was a void contract.

In *Southwestern S. Co. v. Stephens,* 139 Wis. 616, 120 N. W. 408, the sale by the plaintiff (a foreign corporation) of its own stock was such local business as to make the contract void.

So, also, in *Browning v. Waycross,* 233 U. S. 16, 34 Sup. Ct. 578, a contract involving the fixing of lightning rods. In *General R. S. Co. v. Virginia,* 246 U. S. 500, 38 Sup. Ct. 360, it was held that a foreign corporation bringing material, supplies, and machinery from without the state, but permanently attaching them to the soil and requiring local labor and materials, was not performing interstate commerce and was subject to the licensing power of the state.

*Imperial C. Co. v. Jacob,* 163 Mich. 72, 127 N. W. 772, held that a contract obtained by a foreign corporation for the placing of advertisements on theater curtains and the display thereof for a period of time was of a local character and void under a similar statute. *Nernst L. Co. v. Conrad,* 165 Mich. 604, 131 N. W. 120, took the same view as to the sale of electric lamps and subsequently maintaining them. *Rex Beach P. Co. v. Harry I. Garson Productions,* 209 Mich. 692, 177 N. W. 254, held a contract void that was for the showing of motion pictures, although supporting a tort action of replevin for the films.

Plaintiff seeks to support the judgment upon the decision in *Ward v. American H. F. Co.* 119 Wis. 12, 96 N. W. 388. That, however, was a contract by a copartnership of New

York with a Wisconsin corporation to place the advertising cards of the latter in street cars in Brooklyn and New York and did not involve this statute.

The contract, therefore, should have been held void because. of noncompliance by the plaintiff with sub. 2, sec. 1770*b*, Stats., and no recovery allowed.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.