FORD, BACON & DAVIS, INC., Appellant, vs. TERMINAL WAREHOUSE COMPANY, Respondent.

*January 15—April 5, 1932.*

468

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Bert Vandervelde,* all of Milwaukee.

For the respondent there were briefs by *Saltzstein & Scheinfeld,* attorneys, and *Olwell & Brady* of counsel, all of Milwaukee, and oral argument by *Lawrence A. Olwell.*

The following opinions were filed February 9, 1932:

OWEN, J.   The plaintiff is a foreign corporation, of New York, with a branch office in Chicago and several other cities. Its business is furnishing engineering and business reports and consulting service and appraising the property and earning capacity of business concerns, to serve as a basis for financing and other purposes.   Defendant, a Wisconsin cor-

poration, with headquarters at Milwaukee, contemplated an expansion of its plant, and consulted the plaintiff concerning its business advisability. The plaintiff and defendant thereupon entered into a contract whereby the plaintiff was to furnish a report to the defendant at a cost not to exceed $3,500. This contract was consummated at Chicago.

In order to enable the plaintiff to arrive at a determination of the question of whether the business prospects justified the investment, it was necessary to make a survey of business conditions and prospects in Milwaukee, and to the data thus acquired to apply its business knowledge and experience. To acquire the information necessary, it sent its representatives to Milwaukee, who appraised the present warehouse of the defendant, secured traffic data from the Milwaukee Harbor Commission, United States Engineer's office, and from traffic officers of the railroad companies serving Milwaukee as well as the present customers of the defendant company. In other words, these representatives went to Milwaukee and made a general survey of the business conditions there, so far as they had a bearing upon the proposed venture. This data was sent to New York, where it was analyzed by the officers of the company and resulted, eventually, in the mailing of a report which was received through the mails by the defendant at Milwaukee.

This action is brought to recover for the services thus rendered under and pursuant to the contract entered into by the parties at Chicago. The defense is that the plaintiff is a foreign corporation, and at the time of the rendition of such services had not been licensed to transact business in the state of Wisconsin pursuant to the provisions of sec. 226.02, Stats. At the conclusion of the plaintiff's testimony the court granted a nonsuit, and judgment dismissing plaintiff's complaint was entered. From this judgment the plaintiff appeals.

Sec. 226.02, Stats., provides that no foreign corporation shall transact business, or acquire, hold, or dispose of property in this state until such corporation shall have caused to

be filed in the office of the secretary of state a copy of its charter, articles of association or incorporation, etc., together with other information therein specified. Failure to comply with the provisions of said section subjects the corporation or any agent, officer, or person acting for it in this state to a penalty of $500. Sub. (10) of the section also provides that "Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

It is the contention of the defendant that the contract involved in this action is wholly void and unenforceable by virtue of the provision just quoted. The fact that the statute specifies the character of contracts that shall be void negatives the legislative intent that all contracts made by an unlicensed foreign corporation shall be void. If it had been the legislative purpose to render every contract void, it would not have attempted to specify the character of contracts which should be void. It would simply have declared all of its contracts void. The contention that the phrase "affecting the personal liability thereof" includes all contracts for the breach of which the corporation would be liable in damages or otherwise, was expressly negatived in *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818, and it was said in the opinion in that case that the phrase excluded "all unilateral contracts, like bills and notes, all contracts fully executed outside of this state upon which there remains as obligation only payment, or payment and delivery, to be made in this state, and all contracts not by their stipulations imposing duties or liabilities on such foreign corporation." Page 649.

It thus appears that whenever it is contended that a contract is void by virtue of sec. 226.02, the first inquiry must

be whether the contract under consideration falls within one of the classes of contracts made void by the provision under consideration. Before it can be held to be void it must appear either that it is a contract relating to property within this state or a contract affecting the personal liability of the unlicensed corporation.

Turning now to the contract, we find no difficulty in concluding that it does not relate to property within this state, within the meaning of the statute at least. It does not affect the title to any property in this state, nor does it contemplate the construction or creation of any property in this state. It is a contract that simply calls for the advice and business judgment of the plaintiff concerning the business venture which the defendant then had in contemplation. The result of this advice might lead to the construction or creation of new property within the state, but the contract here under consideration could have no such result.

As all contracts do impose obligations upon the contracting parties, it will be assumed without further discussion that this contract responds to the character of contract referred to in the statute "as affecting the personal liability" of the unlicensed corporation. But the statutes of this state have no extraterritorial effect. This contract was made in Chicago and the statutes of this state have no force in Chicago. This state must have some jurisdiction over the contract or some feature or element of it in order to make the contract void. Where the contract deals with property located in this state, the jurisdiction which the state has over the property is sufficient to enable it to declare void a contract relating to the property no matter where entered into. But this is not such a contract. This is a contract made by a citizen of this state with a foreign corporation beyond the jurisdiction of this state. Even though the state possessed the power to do so, the provisions of sec. 226.02 will not be construed as intending to prohibit a citizen of this state from transacting

business with a foreign corporation beyond the jurisdiction of this state. *First State Bank v. Harrington,* 192 Wis. 293, 212 N. W. 665. The consummation of this contract between the parties in Chicago no doubt amounted to "transacting business" between the parties. But this business was not transacted in the state of Wisconsin, and the contract was not rendered void by any of the provisions of the statutes of this state.

It is said, however, that the plaintiff should not be permitted to recover because the contract, though consummated in Chicago, contemplated the transaction of business in this state, and that business was the acquiring of information concerning the plaintiff's past business and the extent of the business reasonably available to it in and about Milwaukee. It is claimed that the survey of business conditions in Milwaukee made by the representatives of the plaintiff constituted the transaction of business in this state, and that, as its activities in this respect were induced by the contract, in fulfilment of the obligations which plaintiff assumed by the contract, it should not be permitted to recover under the contract. It would seem that this contention might be more properly made had the legislature not specified the character of contracts which should be void and the court were left at liberty to declare any and all of its contracts void where rights were acquired under a contract in defiance of the public policy of the state.

However, the defendant's contentions are not without support in the decisions of this court, even though the legislature has limited the class of contracts which are to be considered void. In *Street Railway Adv. Co. v. Lavo Co.* 184 Wis. 395, 198 N. W. 595, it was held that the plaintiff could not recover under a contract made outside the state where the contract imposed upon the foreign corporation the duty of transacting business in the state. In that case the foreign

corporation agreed to display defendant's advertising matter in certain street cars operated in this state. The displaying of the advertising matter plainly constituted the transaction of business in this state and, it was held, rendered the contract void.

We now come down to the very narrow question of whether the survey made by the plaintiff's representatives, which survey was made for the purpose of putting the plaintiff in possession of information which would enable it to form its well-considered judgment upon the advisability of the business venture which defendant had in contemplation, amounted to the transaction of business in this state. It is to be noted that its representatives had no business relations with any one while they were making this survey. Their mission in this state was for the purpose of acquiring information. They did this by the exercise of their senses and through interviews with persons possessing information bearing upon their problem. It seems plain to us that a search for information does not necessarily constitute the transaction of business. A foreign publishing company may send one of its editors to our libraries for the purpose of acquiring information. A foreign corporation may send its engineers into this state to investigate a dam-site which is offered to it for purchase. So long as this is for the purpose of acquiring information, and so long as it does not give rise to any business transaction in the state, it certainly does not offend against the provisions of sec. 226.02. The representatives which the plaintiff sent to Milwaukee did nothing more. They secured certain data and information which it was necessary for the executive officers of the company to assimilate and evaluate in the light of their business experience. Their mission in this state was for the purpose of acquiring information, and while they were in this state they transacted no business within the meaning of the statute and of-

fended in no manner against the statutory policy of this state. Even though these representatives might have paid their hotel bills in this state, that is not to be construed as a business transaction within the meaning of sec. 226.02.

The case presented is simply one where a contract was entered into between the parties beyond the borders of the state, by which the plaintiff agreed to furnish the defendant its business judgment and advice, and where the plaintiff proceeded in its own way to collect data and information upon which a sound judgment could be based, and after duly informing itself concerning all relevant matters it mailed its report and advice to the defendant at Milwaukee. We see nothing in this which constitutes the transaction of business in this state within the meaning or contemplation of sec. 226.02. *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818.

This conclusion makes it unnecessary for us to consider whether the transaction was one of interstate commerce.

It results that the nonsuit was improperly granted.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

FOWLER, J. (*dissenting*). I cannot agree with the decision of the court in this case, and the question in issue, involving as it does the sovereignty of the state, the power of the legislature, and the duty of the courts, is of such importance that I feel that I should briefly state the reasons for my dissent.

The facts material to an understanding of my view are that the plaintiff is a New York corporation not licensed in Wisconsin. The defendant is a Wisconsin corporation owning property and conducting a business in Wisconsin. The contract sued upon was signed by the parties in Illinois. It provides for appraisal by the plaintiff of the defendant's

property and the earning capacity of its business, and in making the appraisal considerable time was spent by agents of the plaintiff in Wisconsin in examining the property and investigating the defendant's business and business prospects.

The defendant bases its defense on the fact that the plaintiff corporation has not procured a license to transact business in this state and on the provisions of sec. 226.02, Stats., and sub. (2) and (10) thereof, which provide that a foreign corporation shall not transact business in this state until it has procured a license as provided by said section and that every contract made by a non-licensed corporation (1) affecting its personal liability or (2) relating to property within this state shall be wholly void in its behalf.

I am of the opinion that the transaction involved under the contract does not constitute interstate commerce. If this be correct, it follows that if the contract is within the purview of the statute under consideration the judgment of the circuit court should be affirmed.

By reference to (1) and (2) above it is manifest that if (1) a contract relates to property in the state, or (2) if it affects the personal liability of the corporation, it falls within the statute. To me it seems plain that the contract here involved, providing for the appraisal of property within this state, relates to property within this state. This conclusion rests directly upon the language of sub. (10) of the statute. No argument need be made to support it. If the phrase "relating to property" means what it purports to mean, giving to the word "relating" its ordinary meaning, then the conclusion is correct. If the word does not so mean, the conclusion is erroneous.

It is equally clear to me that the contract affects the personal liability of the plaintiff corporation within the meaning of sub. (10) construed according to the rule laid down in

the case of *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818. It is there said, page 649, respecting contracts

. . . "not coming within the prohibition against transacting business and sought to be brought within the clause . . . declaring the contract void, the words 'affecting personal liability,' used in describing one of the prohibited classes of contracts, must be held intended to exclude all unilateral contracts, like bills and notes, all contracts fully executed outside of this state upon which there remains as obligation only payment, or payment and delivery, to be made in this state, and all contracts not by their stipulations imposing duties or liabilities on such foreign corporation. Because the contract (there) in question was not, so far as it was made or took effect in this state, (1) one affecting the personal liability of the plaintiff by any covenant or stipulation therein contained, and (2) was wholly executed by the plaintiff in New York (except as to delivery and payments), and (3) because it did not relate to property within this state, and (4) did not constitute, on the part of the corporation, a transaction of business in this state," . . .

the plaintiff was held entitled to recover thereon. If a contract does not fall within any one of the four classes above enumerated it is not included in the statute. Conversely, if it falls within any one of those classes it is included. If it be conceded that the contract here involved does not fall within any one of classes (2), (3), and (4), it plainly is one affecting the personal liability of the plaintiff by a covenant or stipulation therein contained, and consequently is included within class (1). I cannot concede that the contract in suit does not fall within either class (4) or (3) above enumerated. In my opinion it falls within both of them. It falls within (4) because it was partially performed by the plaintiff within this state, as the physical examination and valuation of the property by plaintiff's engineers in Milwaukee and the investigation there made into the business

and business prospects of the defendant was a substantial and necessary part of the full performance of the contract and constituted transacting business within this state; and it falls within (3) because, as above stated, it related to property situated in this state.

The rule of the *Catlin Case* above enumerated (1) has never been disapproved. It was directly applied in *International Textbook Co. v. Peterson,* 133 Wis. 302, 113 N. W. 730. The first paragraph of the opinion in that case (p. 307) is as follows:

"Aside from the question of interstate commerce involved, this case would be governed by the rule laid down in *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818, and the contract in question invalid because bilateral and containing an express undertaking on the part of the plaintiff corporation affecting the 'personal liability' of such corporation. That it would be for this reason within the letter of sec. 1770*b*, Stats. 1898 [now sec. 226.02] as amended, seems obvious. That it would be within the spirit of that act seems equally clear, if we consider that one purpose of the act was to enable persons contracting with foreign corporations to enforce the contractual obligations of such corporation in domestic tribunals, state or federal, without being obliged to follow such corporation for such purpose to the distant place of its domicile."

That the contract falls within the statute seems to me plain unless the statute covers only such contracts as are made within the state. It seems to have been inferred from the opinion in *Southwestern Slate Co. v. Stephens,* 139 Wis. 616, 120 N. W. 408, that only such contracts are covered, but that case does not warrant such inference. The contract there involved was made within this state, but it does not follow from the fact that it was so made that a contract made without the state is not covered. The recent case of *American Timber Holding Co. v. Christensen,* 206 Wis. 25, 238 N. W. 897, seems to have gone on the assumption that a

contract made outside the state is not covered. But the case of *International Textbook Co. v. Peterson, supra,* involved a contract made outside the state and was held within the statute. The contract there involved was also held to be within the statute because the details of the performance of the contract constituted transacting business within the state, but it was first and just as squarely held within the statute on the other ground. The decision in the *International Textbook Co. Case, supra,* was reversed by the United States supreme court in 218 U. S. 664, 31 Sup. Ct. 225, on the ground that the transactions involved constituted interstate commerce, but the reversal does not at all affect the soundness of the decision as to the construction and coverage of the statute under consideration. There is no language in the statute expressly limiting the coverage to contracts made in the state and none indicating an intention so to limit it. One reason for the statute—that quoted from the *Peterson Case, supra,* to enable citizens of this state contracting with foreign corporations, through the provisions of the statute for service of summons upon them, to enforce the obligations of the corporations in the courts of this state, and thus avoid the expense and inconvenience and hazard incident to enforcing them in the state where the corporation is domiciled—applies as well and with as much force when the contract is made without the state as when it is made within it. It is beside the case to say that a statute can have no force outside the territorial limits of the state enacting it. While this is quite true, that a statute has no extraterritorial effect does not support the inference that it was intended to apply only to contracts made within the state. There is no constitutional provision, state or federal, except as interstate commerce may be affected, that prohibits a state from enacting a statute governing the rights of its citizens under contracts made with foreign corporations. *Wisconsin Trust Co. v. Munday,* 168 Wis. 31, 50, 168 N. W. 393, 169 N. W. 612. A

state has jurisdiction of persons within the state as well as property within the state. It may legislate with respect to the personal rights of its citizens as well as to their property rights, and in respect to persons within the state as well as to property within the state. A state may therefore enact a statute conferring rights under a contract whether the contract be entered into within or without its borders. The statute will not be given effect outside the borders of the state enacting it unless upon principles of comity, but when it is invoked by the citizens for whose benefit it was enacted, in a court of the state enacting it, that court should give it full effect to accomplish the purpose for which it was enacted, and in my opinion that court may not rightly refuse to give it such effect. The citizen invoking such a statute is entitled to all the defensive rights conferred upon him by its terms. The statute declares it to be the public policy of the state that every contract made by an unlicensed foreign corporation that affects the personal liability of the corporation shall be held void on its behalf. It is the province of the legislature to determine the state's public policy, and when the legislature has declared a public policy it is the duty of the courts to enforce it. Foreign corporations have recently been given the full benefit of this rule operating in their favor. *State ex rel. Smith v. Belden,* 205 Wis. 158, 236 N. W. 542. They cannot justly complain of its application when it operates against them. While the broad proposition invoked that a contract valid where made is valid everywhere is true as a general proposition, it is subject to the exception that "the courts of one state will not enforce contracts which, though valid in the place where made, contravene their policy. *Bartlett v. Collins,* 109 Wis. 477, 482, 85 N. W. 703. The doctrine as to recognition of foreign contracts in the courts of a state, if valid by the laws of the home jurisdiction, rests in comity. Therefore it must necessarily rest in sound judicial discretion to limit it, and its general limitations exclude those

agreements which are injurious to public rights, or offend against public morals, or contravene public policy, or violate public law as recognized in the place of the forum." *Fox v. Postal Tel.-Cable Co.* 138 Wis. 648, 652, 120 N. W. 399.

That sub. (10) of the statute must be taken as establishing the public policy of the state was expressly declared by this court in *Wisconsin Trust Co. v. Munday, supra* (page 47):

"It is clear that sec. 1770b [226:02] is a declaration of a public policy of this state with reference to the transaction of business within the state by a foreign corporation. If we permit the provisions of that law to be whittled away and diminished from time to time in order to give effect to private rights, the whole legislative purpose will be defeated."

The provision of sub. (10) relating to property was strictly applied in that case. One person is as much entitled to have one provision of the statute strictly applied as another person is to have another so applied. The court has applied the statute in all its strictness in many cases. *Street Railway Adv. Co. v. Lavo Co.* 184 Wis. 395, 198 N. W. 595, is quite similar to the instant case. A contract between a Wisconsin corporation and a non-licensed foreign corporation, accepted by the corporation in New York and therefore entered into in that state, related to advertising in street cars. In a suit on the contract non-compliance with sec. 226.02 and the provision of sub. (10) were invoked in defense. The defense was sustained. The court expressly based its ruling on the provision of sub. (10) respecting the personal liability of the foreign corporation, as appears from the two opening paragraphs of the opinion at page 398. In *State ex rel. Goldwyn D. Corp. v. Gehrz,* 181 Wis. 238, 194 N. W. 418, the statute was so strictly applied that an action brought by a non-licensed foreign corporation upon a contract made outside the state was ordered dismissed because (page 243)—

. . . "by sec. 1770b *et seq.* there is plainly indicated a public policy which authorizes and justifies a denial of the use of our courts to settle such a controversy as is here presented."

A licensed foreign corporation not only invoked the statute in defense of the suit but successfully invoked it to prevent its entertainment by the court.

For the reasons above stated I am of opinion that the judgment of the circuit court should be affirmed.

A motion for a rehearing was denied, with $25 costs, on April 5, 1932.