## SURVEYORS, INC.
*vs.*
## BERGER BROTHERS CO.

Superior Court     New Haven County     File No. 60078

MEMORANDUM FILED MARCH 10, 1941.

*Curtis, Brinckerhoff & Barrett,* of Stamford, for the Plaintiff.

*Wiggin & Dana,* of New Haven, specially for the Defendant.

BALDWIN, J. The plaintiff, a foreign corporation, organized under the laws of the State of New York and located in the City and State of New York, brought this action to recover compensation for services rendered by it to the defendant, a corporation organized under the laws of this State and located and doing business at New Haven in this State, under a written contract signed by the plaintiff in New York and forwarded by it by mail to the defendant at New Haven where it was signed by the defendant and returned by mail to the plaintiff in New York. The defendant has pleaded in abatement upon the ground that the plaintiff, a foreign corporation, has never complied with the provisions of sections 3488, 3489 and 3491 of the General Statutes, Revision of 1930.

The pertinent provisions of section 3488 are as follows: "Each foreign corporation. . . . shall, before transacting business in this state, file in the office of the secretary of the state a certified copy of its charter or certificate of incorporation, together with" certain other information provided for in the statute. Section 3489 provides, in so far as material here to note, as follows: "Each foreign corporation with an office or place of business in this state. . . . shall, before doing business in this state, appoint in writing the secretary of the state and his successors in office to be its attorney upon whom all process. . . . may be served", etc.

Section 3491 provides that "any person, or any agent, officer or employee of any foreign corporation, who shall transact any business within this state for any such foreign corporation, without the provisions of sections 3488 and 3489 having been complied with", shall be subject to a penalty, etc. This, therefore, is a penal statute and must be strictly construed. Section 3488 applies to any foreign corporation transacting business in this State, while section 3489 requires that each "foreign corporation with an office or place of business in this state. . . . shall, before doing business in this state, appoint", etc.

The plaintiff had no office or place of business in this State. It had no telephone listing and maintained no agents, solicitors or employees in this State. It would appear, therefore, that section 3489 does not apply to this corporation.

Upon the contract being entered into, the plaintiff sent its representative to New Haven to inspect the defendant's plant and to examine its policies of insurance and to interview its officers and any others having material information for the purpose of acquiring data and information concerning risks to which it might be liable resulting from its ownership of property, employment of help and the conduct of its business and from any other cause subjecting it to any risk. This data and information was taken to plaintiff's New York office. This data and information thus acquired was there analyzed by the plaintiff, its risks determined, appropriate insurance coverage and cost thereof considered and a report and recommendations thereon sent to the defendant at New Haven, for which service it made a charge, under the terms of the contract, which charge was based upon savings it showed the defendant it could secure by the adoption of its recommendations which the defendant accepted and adopted.

Defendant claims that the solicitation of the contract and the inspection of its plant in New Haven and the examination of its insurance policies and the acquiring of other information in New Haven by the plaintiff constituted the transaction of business in this State, and since it had not complied with the statutes referred to, it could not maintain this action and the action should abate.

The authorities are in quite general agreement that the "business" contemplated in the constitutional provisions and in statutes similar to our statute, employing the terms "doing business", "conducting business" and "transacting business", is the business which the foreign corporation was organized to conduct or carry on and not some business which is incident to the object for which the corporation was organized, such as, for example, the solicitation and procuring of a contract to do or carry on the business which is the business which the corporation was organized to do. *See Best Co., Inc. vs. Goldstein,* 124 Conn. 597, 1 A. (2d) 140, and cases cited.

The question here to determine is the very narrow question whether the investigation made in New Haven by the plaintiff's representative for the purpose of acquiring for the

plaintiff information which would enable it to formulate its recommendations and report the same to the defendant constituted the transaction of business in this State as the term is used in our statutes.

In determining whether a foreign corporation is doing business in the state by entering into contracts with residents thereof, it is not so much the place of contract that is controlling as the place of performance and the things to be done in the state pursuant to the agreement. 17 *Fletcher, Cyclopedia Corporations* (Perm. ed. 1933) §8477, and cases cited.

A foreign corporation is not necessarily doing business in another state merely because it collects business data and information there to be used as the basis of a report which it agrees to make to others. In a recent case presenting this point, the foreign corporation was held not to be transacting business in the state, where, pursuant to a contract made outside the state with a domestic company by which it undertook to furnish the latter advice concerning expansion of its plant, it sent representatives into the state to acquire information and make a survey of business and traffic conditions, and after duly informing itself concerning all of the relevant matters, mailed the required report and advice to the domestic company. 17 *Fletcher, Cyclopedia Corporations* (Perm. ed. 1933) §8495, citing the case of *Ford, Bacon & Davis, Inc. vs. Terminal Warehouse Co.,* 207 Wis. 467, 240 N.W. 796. In this case, the plaintiff, a foreign corporation of New York, having a branch office in Chicago and several other cities, was engaged in the business of furnishing engineering and business reports and consulting service and appraising property and earning capacity of business concerns, to serve as a basis for financing and other purposes. The defendant, a Wisconsin corporation, located at Milwaukee, contemplating an expansion of its plant, consulted the plaintiff concerning its business advisability. They entered into a contract, which was consummated at Chicago, under which plaintiff was to furnish a report to the defendant at a cost not to exceed $3,500.

In order for the plaintiff to arrive at a determination of the question of whether the business prospects justified the investment, it was necessary to make a survey of business conditions and prospects in Milwaukee, and to the data thus acquired, apply its business knowledge and experience. To acquire the information necessary, it sent its representatives

to Milwaukee,. who appraised the present warehouse of the defendant, secured traffic data from the Milwaukee Harbor Commission, United States engineer's office and from traffic officers of the railroad companies serving Milwaukee, as well as the present customers of the defendant company. In other words, these representatives went to Milwaukee and made a general survey of the business conditions there, so far as they had a bearing upon the proposed venture. This data was sent to New York, where it was analyzed by the officers of the plaintiff company and resulted in a report which was mailed to the defendant and received by it at Milwaukee.

Plaintiff brought its action to recover for the services thus rendered under the contract entered into at Chicago. The defense was that the plaintiff, a foreign corporation, at the time of rendering the services had not been licensed to trans- act business in Wisconsin pursuant to the provisions of section 226.02 of its statutes. Upon conclusion of the plaintiff's tes- timony the court granted a nonsuit and judgment dismissing the complaint was entered.

Section 226.02 of the Wisconsin Statutes provided that no foreign corporation should transact business, or acquire, hold, or dispose of property in that state until such corporation should have caused to be filed in the office of the secretary of state a copy of its charter, articles of association or incor- poration, etc., together with other information therein speci- fied. The section also provided a penalty for failure to com- ply with the provisions imposed upon the corporation or any agent, or officer, or person acting for it within the state.

It was claimed that the plaintiff should not be permitted to recover because the contract, though consummated in Chicago, contemplated the transaction of business in Wisconsin, and that business was the acquiring of information concerning defendant's past business and the extent of the business rea- sonably available to it in and about Milwaukee; that the survey of business conditions in Milwaukee by representatives of the plaintiff constituted the transaction of business in Wisconsin.

In its opinion the court said (p. 473 of 207 Wis.): "We now come down to the very narrow question of whether the survey made by the plaintiff's representatives, which survey was made for the purpose of putting the plaintiff in possession of information which would enable it to form its well-con-

sidered judgment upon the advisability of the business venture which defendant had in contemplation, amounted to the transaction of business in this state. It is to be noted that its representatives had no business relations with anyone while they were making this survey. Their mission in this state was for the purpose of acquiring information. They did this by the exercise of their senses and through interviews with persons possessing information bearing upon their problem. It seems plain to us that a search for information does not necessarily constitute the transaction of business.... The representatives which the plaintiff sent to Milwaukee did nothing more. They secured certain data and information which it was necessary for the executive officers of the company to assimilate and evaluate in the light of their business experience. Their mission in this state was for the purpose of acquiring information, and while they were in this state they transacted no business within the meaning of the statute and offended in no manner against the statutory policy of this state." The judgment was reversed and the case was remanded for a new trial.

In the instant case, as in the Wisconsin case, the representative of the plaintiff company had no business relations with anyone while he was in New Haven inspecting the defendant's plant and examining its insurance. His mission in this State was for the purpose of acquiring information bearing upon the plaintiff's problem, which was evaluating the defendant's various risks and the determination and recommendation to the defendant of means whereby the defendant could effect a saving in insuring itself against loss resulting from such risks. As was held in the Wisconsin case, this search for information does not constitute the transaction of business in this State within the intention of the term as used in our statutes.

The plea in abatement and to the jurisdiction is therefore overruled.