UTILITY ECONOMY COMPANY, INC. v.
LUDERS MARINE CONSTRUCTION COMPANY

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 47954

Memorandum filed November 4, 1947.

*James F. Rosen,* of New Haven, for the Plaintiff.

*Curtis, Brickerhoff & Barrett,* of Stamford, for Defendant.

JOHNSON, J. The plaintiff, a New York corporation located in New York City, brought this action to recover a balance due for services rendered to the defendant, a Connecticut corporation located in the city of Stamford, under a written contract solicited in this state, signed by the defendant in Stamford and by the plaintiff in New York. The defendant has pleaded in abatement upon the ground that the plaintiff, a foreign corporation, has not complied with §§ 3488 and 3491 of the General Statutes.

Section 3488 requires a foreign corporation before transacting business in this state to file a certified copy of its charter or certificate of incorporation, together with certain other information, in the office of the secretary of state. § 3491 imposes a penalty for not complying with § 3488 and further provides that the failure to comply shall not affect the validity of any contract with such corporation but that no action shall be instituted or recovery had by any such foreign corporation on any such contract until such corporation shall have complied with § 3488. It further provides that before any noncomplying corporation may institute an action on any cause arising prior to the filing, etc., it shall pay a license fee of $250.

After the contract was signed by both parties, an engineer of the plaintiff spent about two weeeks in Stamford making a physical survey of the defendant's plant. In New York the information was analyzed and a report made up with recommendations which was then sent to the defendant, for which services the plaintiff made a charge under the contract of $1,581.04, half paid upon the signing of the contract and the balance to be paid upon completion and delivery of the report, provided the report showed a savings in excess of the total fee. In addition, if there were any reductions or savings in excess of the total fee, the plaintiff was to receive 25 per cent of the excess.

Although plaintiff's pleading denied the failure to comply, it admitted its failure at the hearing on the plea.

Up to this point, the facts are similar to the case of *Surveyors, Inc.* v. *Berger Bros. Co.,* 9 Conn. Sup. 175. In that case the foreign corporation's business was that of insurance experts.

In this case it is the business of public utility experts or con-sultants. The Surveyors case held, among other things not particularly pressed in the instant case, that the mere search by the foreign corporation in this state for information to be used in formulating its report and recommendations did not constitute the transacting of business in this state.

The defendant claims, however, that the facts in this case go beyond those of the *Surveyors* case because, in addition to the survey, the plaintiff was to act as its representative in all negotiations with the defendant's utility companies and also it was authorized to appear before the Connecticut public utilities commission for the purpose of making a formal complaint. The pertinent provision in the contract relative to those claims is as follows:

"Representation: You are to act as our representatives dur-ing the period of this agreement in all negotiations with our utility companies. Also, if, as a result of your investigation, you find cause for presenting a formal complaint to the Public Serv-ice Commission, or should you deem an appearance before the Commission necessary, you are authorized to appear in our be-half at your own expense."

The period of the contract is two years. By public service commission the obvious meaning is the Connecticut public utilities commission.

There was no evidence to show that the plaintiff represented the defendant in any negotiations with its utility companies or that it filed any formal complaint with the public utilities com-mission or that it made any appearance before that commission. In fact, the report made any such action unnecessary inasmuch as the savings in the defendant's utility costs could be effected by purchasing all electrical current through one meter and under primary power rates and by eliminating one bank of transform-ers. The burden of carrying out those changes is not upon the plaintiff by any terms of the contract. Presumably, if the de-fendant wishes to effect the savings, as recommended, it must make the changes itself. Consequently, under this set of facts and under the terms of the contract, there is nothing more for the plaintiff to do in this state. While it is true that there are other matters to be performed by the plaintiff, those matters can be and are contemplated to be done by correspondence.

A further claim might be made to the effect that the offer to perform those services with the defendant's utility companies and with the. public utilities commission would constitute the transacting of business in this state.   That claim presupposes that the doing of one or both would be in this state and would constitute the transacting of business in this state.   In that respect we are in the realm. of speculation.   Does the pertinent clause cause the plaintiff to do anything more in Connecticut? Negotiations with the defendant's utility companies do not demand the physical presence of any agent of the plaintiff in Connecticut.   They could be carried out by mail or telephone in New York.   Is it clear that the plaintiff, if it finds cause, is to present a formal complaint to the commission?   Is not the defendant the proper party in interest to present its own complaint even though the complaint may be drafted by the plaintiff?   Would the plaintiff with all its information at its office in New York come to this state to draft the complaint?   Does the contract clause say that the plaintiff is to present the complaint?   Moreover, is it mandatory for the plaintiff to appear before the commission?   The plaintiff is merely authorized to appear at its own expense.   Furthermore, the plaintiff may not deem it necessary to appear.   This interpretation may cause the defendant to wonder just what work incidental to the main purpose of the contract the plaintiff was to perform.   Again, that is in the realm of speculation.

The plea in abatement is overruled.