Evelyn FRIST, Plaintiff,

v.

W. E. GALLANT, Sr., and W. E. Gallant, Jr., Defendants.

Civ. A. No. 4820.

United States District Court
W. D. South Carolina,
Anderson Division.

Heard April 6, 1965.

Decided May 4, 1965.

828

William L. Fant, Anderson, S. C., for plaintiff.

Walter H. Hood, Anderson, S. C., for defendants.

SIMONS, District Judge.

This is an action at law for damages based upon fraud and deceit. Plaintiff alleges in her complaint that she and defendant W. E. Gallant, Jr., were married on June 19, 1954, and thereafter lived together as man and wife until June 1955, when said defendant deserted her, and she then instituted an action for separate maintenance. She further alleges that in said action both defendants jointly conspired and schemed to defraud plaintiff; that they gave false and fraudulent testimony in reference to the annual income of defendant W. E. Gallant, Jr.,[1] knowing the same to be false, and given with intent that said court would rely on said false testimony in determining the amount of support it would award to plaintiff; further that said court, relying on the fraudulent acts and misrepresentations of defendants, only granted plaintiff alimony in the amount of $60.00 per week, or in the alternative a lump sum settlement of $12,500, thereby

defrauding and damaging her; that in a later divorce proceeding in 1961, plaintiff asked the court to award her additional alimony, which it disallowed on ground that the action for separate maintenance in 1955 determined her alimony and the question was foreclosed.

Defendants have moved to dismiss complaint upon ground that it failed to state a claim upon which relief could be granted. They contend that a person injured by perjured testimony given in a prior civil case does not have a cause of atcion for damages arising out of such perjured testimony.

Defendants' motion to dismiss was heard April 6, 1965.

██ This court is in agreement with counsel for defendants who ably argue that the authorities are unanimous in holding that generally a person who is damaged by perjured testimony in a civil suit does not have a cause of action for damages arising out of such perjured testimony.[2]

██ Regardless of the general rule as to perjured testimony, if, under the alleged circumstances of this case, plaintiff is able to establish all the necessary elements of fraud and deceit, the court feels strongly that she should have her day in court to seek redress for such alleged wrongful conduct, as her cause of action is based on more than the mere giving of perjured testimony.

It is my view that plaintiff's complaint states a cause of action to recover damages based upon the false and fraudulent acts and conduct of both defendants, as alleged therein; and even though such alleged acts relied upon by plaintiff, if established, would constitute perjury, it does not of necessity follow that plaintiff's action for damages may not be

---

1. Plaintiff alleges defendants stated W. E. Gallant, Jr.'s, income to be $125.00 per week when in fact his true income for the years 1954–1957 nearly always exceeded $20,000 per year.

2. Sound considerations of public policy afford the basis for such decisions generally. These principles were well stated

by Chancellor Kent in Smith v. Lewis, 3 Johns. [N.Y.] 157, 3 Am.Dec. 469 [1809]: "'It would be against public policy and convenience; it would be productive of endless litigation, and it would be contrary to established precedent, to allow the losing party to try the cause over again in a counter suit. * * *'"

based upon such testimony, provided all necessary elements of fraud and deceit are otherwise present.

The court finds the Tenth Circuit case of Morgan v. Graham, 228 F.2d 625, 54 A.L.R.2d 1290 [1956] quite persuasive and apropos here. In that case, the president of an insurance company denied under oath that there was in existence a liability policy covering an insured, as part of a scheme to defraud and deceive insured. In allowing the insured's creditor to maintain an action against the president of the company personally, for damages resulting from president's fraud, although it appeared that the aggrieved party did not believe the representations of the president of the company to be true, the court said at 228 F.2d 628:

"It is, of course, true as stated by appellant that there must be reliance upon a fraudulent representation in order to sustain an action for fraud. That is just another way of saying that the aggrieved party took a course of action or refrained from taking a course of action because of the false representation. It is true that Graham testified that he did not believe Morgan's statement that no policy was issued. He was nonetheless forced to act to his detriment and do what he would not have done had the statement not been made. In other words, he was forced to rely on the misrepresentations. He was forced to act on the misrepresentations to the same extent that he would have acted had he believed them to be true."

In the early case of Verplanck v. Van Buren, 76 N.Y. 247 [1879] it was held that where the giving of false testimony was only a part of the prosecution of a scheme to defraud the plaintiff by means of fraud and deceit of defendants an action would lie. The court there said:

"Nor does the fact that the combination and fraud were brought to a successful end by the false testimony produced upon the trial make the case obnoxious to the rule that there can be no civil action for perjury or subornation of perjury. The false testimony is not the sole moving factor in the cause of action. The fraudulent purpose or intent, formed before the accounting and trial, the fraudulent concoction of the unreal contracts with Kendall, and the false entries in the books of account, are the chief bases of the cause of action. The acts of the defendants upon the trial are but a part of an entire transaction." [3]

See also Robinson v. Missouri Pacific Transp. Co., 85 F.Supp. 235 [D.C.Ark. 1949].

In the instant case, defendant W. E. Gallant, Jr., as husband of plaintiff, owed the legal obligation under South Carolina law [4] to support her in keeping with his ability to do so after he had allegedly deserted her without just cause or excuse. Thus, in plaintiff's suit for separate maintenance in 1955 both defendants were more than mere witnesses testifying on behalf of a party to the action. Each of the defendants, and particularly defendant W. E. Gallant, Jr., were vitally interested in the final outcome of the matter for determination by the court; and the complaint accuses them of allegedly conspiring to give, and of giving, false and fraudulent testimony in that judicial proceeding, with a purposeful and preconceived intent to defraud plaintiff of the just amount of alimony to which she was entitled. Under the circumstances here it would appear that the public policy considerations, which form the basis for denying causes of action based upon perjured testimony, are overshadowed by the public interest behind the right to civil redress of this plaintiff, who allegedly has been wronged by the successful execution of a conspiracy, even though the success of such alleged scheme was based primarily upon the use of false testimony.

---

3. For contrary holding, see Dunlap v. Glidden, 31 Me. 435, 52 Am.Dec. 625 [1850].

4. Section 20–303 of 1962 South Carolina Code of Laws.

In support of this determination, see 41 Am.Jur. § 81 at page 45, where it is stated:

"Ordinarily aside from defamation and malicious prosecution, the courts will not recognize any injury from false testimony upon which a civil action for damages can be maintained. * * * In accordance with these principles, therefore, no action lies for false testimony by reason of which the plaintiff recovers a smaller amount of damages than the amount to which he is entitled.

"On the other hand it is apparently well settled that where the giving of false testimony is only a part of the carrying out of a scheme to defraud the plaintiff by means of the combination, fraud, and deceit of the defendants, an action will lie for damages.[5]

Of like import is the following excerpt from 15 C.J.S. Conspiracy § 16 at page 1027:

"Where parties, in pursuance of a conspiracy or combination for that purpose, fraudulently make use of legal proceedings to injure another, an action lies against them, at the suit of the person injured, to recover damages sustained, and the fact that a combination for fraud has been brought to a successful end by false testimony produced on the trial does not make an action for conspiracy obnoxious to the rule that there can be no civil action for perjury or subornation of perjury."

In the light of the foregoing authorities it is ordered that defendants' motion to dismiss be, and it hereby is, denied.

In accordance with Section 1292[b] of 28 U.S.C.A., the court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion, and one of first impression in this State; that an immediate appeal from the within order denying defendants' motion to dismiss plaintiff's action may materially advance the ultimate termination of the litigation; and that defendants should have the opportunity to apply to the Court of Appeals of the Fourth Circuit for permission for an appeal to be taken from such order if they should so desire. Should such application for an appeal be made by defendants and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

---

5. See also 12 A.L.R. 1264; 81 A.L.R. 1127; 54 A.L.R.2d 1317.