516

**Edward PAULSON, Plaintiff,**

v.

**Michael SHAPIRO et al., Defendants.**

No. 71-C-241.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1972.

Schroeder, Gedlen, Riester & Moerke, Milwaukee, Wis., for plaintiff.

Gaines & Saichek, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment contending that the materials now before the court conclusively demonstrate that the plaintiff cannot prevail in this action.

In his complaint, the plaintiff alleges that he was given "discretion and authority to negotiate and arrange for a lease" as to certain property in Milwaukee; he also avers that he was authorized by the defendant Shapiro to act as his "agent and advisor in this capacity to negotiate and delineate terms and conditions for obtaining a lease . . . ." Further, the plaintiff alleges that he "made many suggestions and outlines to the defendant, Michael Shapiro, as to methods, procedure, and strategy which might result in negotiating a lease . . . ."

The defendants, in support of their motion for summary judgment, contend that plaintiff was acting as a real estate broker, and may not recover because he is not licensed so to act under the laws of the state of Wisconsin. Section 452.13 Wis.Stats. Since Mr. Paulson did not maintain an office within the state of Wisconsin, it is also urged that he did not meet the requirements of a nonresident broker under § 452.14(1) Wis.Stats.

If the complaint is to be construed as one seeking compensation for a broker's services, it is clear that the action must fail. It would be barred not only on the basis of the statutes cited above, but it would also fail under § 240.10(2) Wis. Stats. The latter statute bars recovery in the absence of a written memorandum setting forth various contracted details which are patently missing in the case at bar.

The plaintiff contends, however, that he was engaged to render "services" which consisted of his efforts at "negotiating" favorable terms for the defendants. In addition, it is urged that he "investigated, analyzed, and provided advice and consultation to defendants." My reading of both the complaint and the plaintiff's testimony at oral deposition persuade me that Mr. Paulson was engaged to negotiate a lease and that his "personal services" were directed to that end. The negotiations conducted by Mr. Paulson, in the context of this transaction, are clearly those of a broker, and therefore he must comply with the Wisconsin statutes in order to qualify for a commission. Reed v. Kelly, 177 F.2d 473 (7th Cir. 1949); George Nangen Co. v. Kenosha Auto Transport Co., 238 F.Supp. 157 (E.D.Wis.1965). See also Schoenfeld v. Silver Moon Springs, Inc., 325 F.Supp. 199 (E.D.Wis.1971).

Understandably, plaintiffs are often tempted to try to avoid the impact of the state laws which restrict a person's recovery for brokerage service and which require specific writings as a condition to the recovery of commissions. For example, efforts at suits in *quantum meruit* have been unsuccessful. See Hale v. Kreisel, 194 Wis. 271, 273, 215 N.W. 227, 228 (1927). In my view, Mr. Paulson's description of his conduct as "an advisor" or as one who suggested "methods, procedure and strategy" must be recognized as a substitution of labels which cannot alter the basic character of the employment. By his own admission, Mr. Paulson was hired to negotiate a lease, as is reflected in the following examination:

"Q This is what type of a schedule and what type of a service? Something for compensation for negotiating a lease?

"A For negotiating a lease, acting as a consultant, bringing the entire deal to a conclusion, period.

"Q By bringing the entire deal to a conclusion, you mean getting it to the point where the lease was signed between the owner of the land and the tenant, is that right?

"A That's right."

The plaintiff's reliance upon Schaller v. Litton Industries, 307 F.Supp. 126 (E.D.Wis.1970), is misplaced. In that case, the court held that the plaintiff was engaged in "matchmaking" in introducing certain parties who later effectuated a corporate merger. Under no reasonable interpretation of the circumstances in the instant case could Mr. Paulson's conduct be so described.

Even if Mr. Paulson's activities were capable of being treated as a non-broker's "personal services", his right to recovery would be precluded by the operative statute of limitations, § 893.21(5). This statute establishes a two-year limitation upon an action to recover "compensation for personal services." The record clearly demonstrates that this action was commenced far after the statutory period. See Estate of Javornik, 35 Wis.2d 741, 151 N.W.2d 721 (1966). However, it is my view that the plaintiff's entitlement to maintain this action is primarily barred because it is an action for brokerage services by one who is not entitled to maintain such an action and also because the claim is not supported by the essential written agreement.

I conclude that the defendants are entitled to summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure and that there is no genuine issue of fact for trial.

Now, therefore, it is ordered that the defendants' motion for summary judgment be and hereby is granted, and it is also ordered that the plaintiff's complaint and action be and hereby are dismissed.