**Edward PAULSON, Plaintiff,**

v.

**Michael SHAPIRO, International Trading Co., a Wisconsin corporation, and Millroad Enterprises, a partnership, Defendants.**

**No. 71-C-241.**

United States District Court, E. D. Wisconsin.

March 16, 1972.

Schroeder, Gedlen, Riester & Moerke, by Martin B. Gedlen, Milwaukee, Wis., for plaintiff.

Gaines & Saicheck, by Irving D. Gaines, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved the court to vacate its judgment of January 27, 1972, 338 F.Supp. 516, which granted summary judgment in favor of the defendants.

The plaintiff contends that his activities as a broker were performed outside of Wisconsin and that § 452.13 Wis. Stats. is therefore inapplicable. If this view is not adopted, the plaintiff urges that such statute is unconstitutional. It is also contended that the court should utilize Tennessee rather than Wisconsin

law. In addition, the plaintiff argues that § 240.10(2) Wis.Stats. is not applicable because the agreement did not relate to a lease which was to run for over three years. Finally, the plaintiff urges that he rendered "professional services", thereby excluding this action from § 893.21(5) Wis.Stats.

The plaintiff concedes that he met with the defendants in Wisconsin on several occasions; in my opinion there were sufficient activities by the plaintiff as a purported broker in the state of Wisconsin to make § 452.13 applicable. I also believe that as a matter of conflicts of law, the Wisconsin statute is operative in this case. Reed v. Kelly, 177 F.2d 473 (7th Cir.1949). In my opinion, § 452.13 is constitutional. See Goldsmith v. Walker Manufacturing Co., 295 F.Supp. 1037, 1040 (E.D.Wis.1969); Chapman Co. v. Service Broadcasting Corp., 52 Wis.2d 32, 187 N.W.2d 794, 797 (1971).

In arguing that the leasehold interest in question was not necessarily for a period exceeding three years, the plaintiff draws an analogy with those cases which apply the statute of frauds only to those contracts which cannot possibly be performed within one year. The comparison has some persuasiveness; however, I have found no case which actually supports the plaintiff's point with reference to the three-year clause of § 240.10(2). The "letter of intent" attached to the plaintiff's moving papers in the summary judgment motion demonstrates that the lease at bar was for a term of 22 years. Even if I erred on this point in my previous opinion, which I do not concede, it would not help the plaintiff; this is because my conclusion that this is a brokerage commission action "by one who is not entitled to maintain such action" would require summary judgment in favor of the defendants.

I find no merit to the plaintiff's motion either on his contentions which I have discussed above or for the other reasons advanced by the plaintiff in his brief.

Therefore, it is ordered that the plaintiff's motion be and hereby is denied.