(91 Misc. Rep. 45)

WILLIAM STAKE & CO., Inc., v. ROTH et al.

(Supreme Court, Appellate Term, First Department. June 29, 1915.)

1. LICENSES ⬥39—ADJUSTERS—COMPENSATION.

Under Laws 1913, c. 22, as amended by Laws 1913, c. 522, providing that no person, partnership, association, or corporation shall act as public adjuster, or receive for or because of services rendered in the adjustment of any claim for loss by fire under an insurance policy any money or commission, without first procuring a certificate of authority to act as public adjuster, and defining public adjuster as every person receiving any compensation or reward for the giving of advice or assistance to the assured in the adjustment of claims for loss or damage by fire, an adjuster, who rendered a part of the services before procuring his license and the balance thereafter, cannot recover for the former services, though the owner promised to pay therefor after the license was procured.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78; Dec. Dig. ⬥39.]

2. LICENSES ⬥39—ADJUSTERS—COMPENSATION.

Under Laws 1913, c. 522, prohibiting an unlicensed insurance adjuster from receiving compensation, but providing that it shall not apply to a broker acting as adjuster without compensation, a request by an owner to a company, which was not licensed as an adjuster, to adjust his insurance, does not raise an implied promise to pay for his services.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78; Dec. Dig. ⬥39.]

Guy, J., dissenting.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Stake & Co., Incorporated, against Oswald Roth and another. Judgment for the plaintiff, and defendants appeal. Reversed, and complaint dismissed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Henry Escher, Jr., of Brooklyn (Lawson R. Jones, of New York City, of counsel), for appellants.

James E. Kelly, of New York City, for respondent.

LEHMAN, J. [1] The plaintiffs sue for services rendered at defendants' special instance and request for adjusting loss, preparing proofs, and collecting loss suffered by a fire on January 2, 1914. It appears from the testimony produced by the plaintiffs that prior to the fire they had procured the insurance for the defendants, and that on January 2d, after the fire, the defendants' representative stated that he "wanted Stake & Co. to take charge of the matter and adjust the insurance for O. Roth & Co." According to plaintiffs' testimony:

"He said he didn't want to have a public adjuster, but wanted us to be the adjusters."

Thereafter the plaintiffs performed services for the defendants in adjusting the loss, filing proofs of loss, and collecting the insurance. Until January 19th the plaintiffs did not have a license to act as adjusters, as required by chapter 22 of the Laws of 1913, and a substantial part of the work was performed on that date. Under that statute, as amended by chapter 522 of the Laws of 1913, it is provided that:

"No person, partnership, association or corporation shall, after July 1, 1913, act as a public adjuster, or receive for or because of services rendered in the adjustment of any claim, or claims for loss or damage by fire under a policy or policies of insurance upon property within this state any money or commission or other thing of value, without first procuring a certificate of authority to act as a public adjuster from the superintendent of insurance."

The statute also provides:

"The term 'public adjuster' in this section shall include every person * * * receiving any compensation or reward for the giving of advice or assistance to the assured in the adjustment of claims for loss or damage by fire."

Under this statute it seems quite clear that any agreement, express or implied, to pay for services rendered up to January 19th, would be illegal and void. It is true that the defendants thereafter requested and the plaintiffs performed other services, but such request could not, in my opinion, act as a ratification of any earlier promise. Even if at that time the defendants had made an express promise to pay for the services theretofore rendered, such a promise would, I think, still have been illegal, for the statute has expressly prohibited the performance of such services for compensation, and I can see no distinction, whether the promise to compensate be made before or after the

license is granted, so long as the services were performed for reward or compensation.

[2] It is urged, however, that the judgment may be sustained on the theory that it represents only a fair compensation for services rendered after the date when the license was granted. There is, however, no proof of the value of such services. Moreover, the plaintiffs' claim for the value of their services rests, not upon any express promise to pay for them, but upon the implied promise to pay for services rendered at defendants' request. There can, of course, be no doubt but that ordinarily, where one party requests another party to render services in his behalf, the law will imply a promise to pay the reasonable value of those services. However, the law implies this promise only because ordinarily a party requesting the rendition of services can hardly expect to have them rendered gratis; but where the services are rendered under such extraordinary circumstances as to give rise to the reasonable inference that they would be rendered gratis, then no promise to pay for them can be implied. Such extraordinary circumstances exist in this case. The statute not only prohibits the performance of the services requested for compensation or reward, but it expressly states that:

"This section shall not apply * * * to a broker acting as adjuster without compensation for a client for whom he is acting as broker."

Where the law expressly forbids a person to perform services for compensation, but expressly permits him to perform them without compensation, then the law can certainly not imply a promise to pay compensation for such services. There was, consequently, no implied promise to pay for any services performed at the request of the defendants made on January 2d, and I think the evidence clearly shows that all the services were performed pursuant to this request. The subsequent requests of the defendants were not for new services, but merely part of the correspondence necessitated by the plaintiffs' having assumed to perform the work of adjusting the loss, and since the defendants made these requests without knowledge of any change of condition, no promise to pay for such services can be implied from the acceptance of these services.

Judgment reversed, with costs, and complaint dismissed, with costs.

WHITAKER, J., concurs.

GUY, J. (dissenting). Defendants appeal from a judgment in favor of plaintiff in an action to recover for services alleged to have been rendered by plaintiff in adjusting and collecting a fire insurance claim for defendants. The evidence fully sustains the allegations of employment of plaintiff by defendants and the rendition of services in accordance with such employment.

The defendants appellants rely mainly upon this appeal on the exception taken to the refusal of the court to dismiss the complaint at the end of plaintiff's case, on the ground that at the time of the alleged employment plaintiff had not, as required by chapter 22 of the Laws of 1913, obtained a license as a public adjuster. The fire occurred

January 2, 1914, and the alleged employment immediately thereafter; and it is conceded that, although plaintiff's application for a license antedated the time of the alleged employment, the license to do business as a public adjuster was not actually issued to plaintiff until the 19th day of January, 1914. It is conceded by the plaintiff respondent that the alleged contract was but a single transaction, and did not constitute holding himself out as an adjuster, or engaging in the business of public adjuster.

This contention is without merit. The statute defines what constitutes engaging in business as a public adjuster, and the services performed by plaintiff come clearly within that definition. The alleged contract of employment, therefore, was not valid when originally entered into; but there is further proof that, after plaintiff had been duly licensed on the 19th day of January, 1914, the defendants, in their letter dated January 21st, ratified the employment and requested further service by plaintiff, and further service was actually rendered by plaintiff for the defendants, which resulted in the adjustment of the loss and the collection of the claim after plaintiff had been duly licensed.

The evidence establishing renewal or continuation of the contract after plaintiff was duly licensed, and performance thereunder, I think is sufficient to sustain the verdict.

The judgment should be affirmed, with costs.