LOUIS GOLDIN, Respondent, *v.* CHARLES SHANKROFF, Appellant.

Supreme Court, Appellate Term, Second Department, January 29, 1925.

**Brokers — real estate broker — action for commissions arising from sale of real estate — plaintiff did not procure license, pursuant to Real Property Law, § 440-a, until after he had obtained purchaser — plaintiff not entitled to compensation though commissions were not due until title passed.**

Plaintiff, a real estate broker, is not entitled to a commission arising from the sale of real estate, where he was not a licensed broker at the time he obtained a purchaser, as required by section 440-a of the Real Property Law, notwithstanding the fact that said plaintiff was not to be paid his commission until title had passed. The fact that he obtained his license between the time he procured the purchaser and the time title passed does not change the rule, since he is obliged to have his license at the time he renders the service.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Fifth District.

*Albert D. Schanzer,* for the appellant.

*Sidney R. Lash,* for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

Plaintiff was not a licensed broker at the time of rendering the services in question. Under sections 440–442-l of the Real Property Law (as added by Laws of 1922, chap. 672) it is made a crime for a person to render services as a broker for compensation without being licensed. By thus violating the law, plaintiff could not obtain a right to commissions. (*Morgan Munitions Co.* v. *Stude-*

*baker Corporation*, 226 N. Y. 94, 99.)    That plaintiff was not to be paid his commission until title passed, and that prior to that time he procured his license, does not change the situation.    He is obliged to have his license at the time he renders the service.    (*Ladanyi* v. *Scavullo*, Appellate Term, Second Department, Memoranda Decision, No. 139, Jan. 1924; *Roman* v. *Lobe*, Appellate Term, Second Department, Memoranda Decision, No. 353, June, 1924; affd., 213 App. Div. 162.    See, also, *Stake & Co.* v. *Roth*, 91 Misc. 45.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.