LEVY, Appellant, vs. BIRNSCHEIN, Respondent.

*December 9, 1931—January 12, 1932.*

The cause was submitted for the appellant on the brief of *John L. Newman* of Milwaukee, and for the respondent on that of *Harvey C. Hartwig* of Milwaukee.

FAIRCHILD, J.   Section 136.11, Stats., became effective June 26, 1929.   It requires any one acting in the capacity of a real-estate broker or real-estate salesman within this state who brings an action for the collection of commission or compensation for acts mentioned in ch. 136, to allege and prove that such person, firm, or corporation was a duly licensed real-estate broker or salesman at the time the alleged cause of action arose.

This placed upon the appellant the burden of showing that he was a duly licensed real-estate salesman at the time involved in his complaint.   The cause of action arose long before the section was adopted, but the case was not presented to the court and tried until after it had become the law.   There is evidence that appellant acted as a real-estate salesman, but this does not meet the requirements of the statute.   There must be allegation and proof that one so acting was "a duly licensed real-estate broker or real-estate salesman at the time the alleged cause of action arose."   Failure in this is fatal to the case and a motion for directed verdict should be granted.

The complaint was prepared in 1925, the same year in which the services were rendered, and appellant contends that the section which became the law in 1929 is not applicable; that failure to have a license is a defense; that an agreement such as is here claimed with an unlicensed person made prior to June 26, 1929, is enforceable.   The statute itself answers each and all of the contentions.   The mischief at which the legislation regulating real-estate agents and salesmen was aimed was the advantage that persons engaged in that business were taking of members of the public. *Payne v. Volkman,* 183 Wis. 412, 198 N. W. 438.

Legislative acts remedial in their nature are frequently construed so as to act retrospectively, and amendments to existing laws to strengthen legislative effort to correct abuses are to be so applied and construed as to suppress the mischief and advance the remedy.   Such remedial statutes may

be of a retrospective nature when they do not impair contracts or disturb vested rights. *Klaus v. Green Bay,* 34 Wis. 628; *State ex rel. Davis & Starr L. Co. v. Pors,* 107 Wis. 420; 83 N. W. 706. It is certain that this amendment does not affect the cause of action if one existed. The effect of the act is to place upon the one bringing the suit the burden of showing that he was a duly licensed real-estate salesman. If he did not have a license, no enforceable obligation arose in his favor out of the transaction. This change does not take away, directly or indirectly, any right or remedy. The law already required him to have a license; the amendment placed upon him the necessity of showing such license.

This rule having become effective prior to the trial the appellant was bound thereby. *Sherman v. Langham,* 92 Tex. 13, 40 S. W. 140, 42 S. W. 961, 39 L. R. A. 258.

The appellant failed to produce the proof of the facts required and judgment must go against him.

*By the Court.*—Judgment affirmed.