## REED v. KELLY.

### No. 9798.

United States Court of Appeals
Seventh Circuit.

Oct. 12, 1949.

474

Edmond F. Zeisig, Milwaukee, Wis., and Nohl, Petrie & Stocking, Milwaukee, Wis., for appellant.

R. A. Crawford, Superior, Wis., and Crawford & Crawford, Superior, Wis., for appellee.

Before KERNER and FINNEGAN, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff, a resident of Illinois, sued defendant, a resident of Wisconsin, to recover a commission for procuring a purchaser for defendant's property. The complaint alleged that plaintiff was a duly licensed real estate broker in the State of Illinois; that defendant, at Chicago, Illinois, listed her Superior, Wisconsin, property for sale at a sales price of $300,000, and promised plaintiff a commission of 5% of the sales price for his services in procuring a purchaser; that plaintiff obtained an offer in writing from one Mitchell to purchase the property for $300,000, but defendant, in violation of her promise, rejected the offer.

Because plaintiff was not licensed to sell real estate in Wisconsin, defendant moved that the complaint be dismissed on the ground that it did not state a claim upon which relief could be granted. The court sustained the motion and dismissed the complaint. To reverse, plaintiff appeals.

Section .02 of Chapter 136 of the Wisconsin Statutes prohibits anyone from following the business, temporarily or otherwise, of a real estate broker in Wisconsin without first procuring a license. Section .11 of the same statute declares that no person engaged in the business or acting in the capacity of a real estate broker or real estate salesman within the State of Wisconsin shall bring or maintain an action in the courts of Wisconsin for the collection of a commission or compensation for the performance of any of the acts mentioned in Chapter 136 without alleging and proving that such person was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose. Section .28 of the statute prohibits anyone engaged in the business or acting in the capacity of a business opportunity broker or business opportunity salesman within the State of Wisconsin from bringing or main-

taining an action in the courts of that State for the collection of a commission without alleging and proving that such person was a duly licensed business opportunity broker or business opportunity salesman at the time the alleged cause of action arose.

Plaintiff makes no claim that the statute in question is void, but contends that it has no extraterritorial effect. He argues that the statute is intended to regulate only real estate brokers operating within the State of Wisconsin, and since his contract was entered into and performed in Illinois, the statute is inapplicable.

It is true, as a general rule, that the lex loci governs as to the validity of contracts, but this rule is subordinate to and is qualified by the doctrine that neither by comity nor by the will of contracting parties can the public policy of a State be set at naught. The Kensington, 183 U.S. 263, 269, 22 S. Ct. 102, 46 L.Ed. 190. A State may refuse to enforce a contract which provides for doing within it an act prohibited by its laws. Bothwell v. Buckbee Mears Co., 275 U.S. 274, 278, 48 S.Ct. 124, 72 L.Ed. 277. And in an action to enforce a remedy, the law of the forum applies and not the law of the place of the making or performance of the contract. Scudder v. Union National Bank, 91 U.S. 406, 413, 23 L.Ed. 245. That is to say, a citizen of one State cannot use the courts of a sister State to prosecute his cause of action in a manner contrary to the laws of the forum, Walton School of Commerce v. Stroud, 248 Mich. 85, 226 N.W. 883, 885; Mt. Ida School for Girls v. Rood, 253 Mich. 482, 23 L.Ed. 245, 235 N.W. 227, 74 A.L.R. 1325; and Transit Bus Sales v. Kalamazoo Coaches, 6 Cir., 145 F.2d 804, and if it appears that the courts of Wisconsin would refuse to enforce plaintiff's contract because he was not a licensed real estate broker in Wisconsin, the federal courts must do likewise. Griffin v. McCoach, 313 U.S. 498, 507, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

It is clear that the Wisconsin statute prohibits anyone from following the business, temporarily or otherwise, of a real estate broker in Wisconsin without first procuring a license, and positively prohibits one so engaged from bringing an action for commissions in her courts. Here it is conceded that plaintiff has never been licensed as a real estate broker in Wisconsin. True, the contract in question was executed in Chicago, but it relates to plaintiff procuring a purchaser for defendant's property in Wisconsin. In such a situation, would the Wisconsin courts refuse to enforce the contract? We think they would. A somewhat analogous question was considered and decided in Levy v. Birnschein, 206 Wis. 486, 240 N.W. 140, 141, except that it does not appear whether the broker in that case was doing business without or within Wisconsin. The court held that there must be allegation and proof that plaintiff was "a duly licensed real-estate broker or real-estate salesman at the time the alleged cause of action arose" and "If he did not have a license, no enforceable obligation arose in his favor out of the transaction."

We conclude that since the enforcement of plaintiff's claimed contract is forbidden by the positive law of Wisconsin, the trial court did not err in dismissing the complaint. In reaching this conclusion we have not overlooked Dean v. Wendeberg, 175 Wis. 513, 185 N.W. 514; McGillivray v. Cronrath, 48 Idaho 97, 279 P. 613; Henning v. Hill, 80 Ind.App. 363, 141 N.E. 66; and Ford, Bacon & Davis, Inc., v. Terminal Warehouse Co., 207 Wis. 467, 240 N.W. 796, 81 A.L.R. 1127, as well as other cases cited by plaintiff. We need not discuss all of the cases cited.

To be sure, in the Dean case, supra, the contract sued on was made in Illinois, but it was entered into before the applicable statute involved in the instant case had been enacted. Hence, that case is not in point. The McGillivray case, supra, was based upon the decision in the Dean case, but it is no authority for plaintiff's contention for the reason already noted, that the suit in the Dean case was commenced before Wisconsin had enacted the statute involved in our case.

In the Henning case, supra, the court found for the real estate broker because enforcement of his contract was not forbidden by positive law. But in so doing, the court, 80 Ind.App. at page 367, 141 N.E. at page

67, said: "True, a statute might have been enacted which would have so far changed the rule of comity, as to forbid the courts of this state from enforcing parol contracts for the payment of commission for the sale of real estate, governed by the laws of other states. * * * 'The courts of this State might be forbidden by the laws of the State * * * to enforce particular contracts, although made in other jurisdictions by the laws of which they would be valid.'" This case is of no aid to plaintiff.

The Ford case, supra, did not involve Chapter 136 of the Wisconsin Statutes.

Affirmed.