KEMMERER and another, Appellants, v. ROSCHER, Respondent.

*December 2, 1959—January 5, 1960.*

For the appellants there was a brief by *Muriel Prazak* of Clinton, and *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Mr. Jacob Geffs* and *Miss Prazak*.

For the respondent there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Thomas G. Godfrey*.

BROWN, J.   Defendant contends that the "exclusive listing" contract is completely void and no recovery can be had upon it.

Upon these facts, if plaintiffs are barred from recovery upon this exclusive listing contract it must be as a result of statutes restricting the activities and the rights which, as brokers, they would otherwise have.  Statutes pertinent to the cause are:

"136.02 BROKERS AND SALESMEN LICENSED.  No person shall engage in or follow the business or occupation of, or advertise or hold himself out as or act temporarily or otherwise as a real-estate broker or salesman or cemetery salesman or business-opportunity broker or salesman without a license. . . .

"136.11 LIMITATION ON ACTIONS FOR COMMISSIONS.  No person engaged in the business or acting in the capacity of a real-estate or business-opportunity broker or salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he was a duly

licensed broker or salesman at the time the alleged cause of action arose."

It seems clear to us that the corporate, unlicensed, plaintiff-broker could not make a valid contract for services which sec. 136.02, Stats., prohibits to an unlicensed "person." Sec. 990.01 declares:

"CONSTRUCTION OF STATUTES; WORDS AND PHRASES. In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature: . . .

"(26) *Person.* 'Person' includes all partnerships, associations, and bodies politic and corporate."

But plaintiff Kemmerer, a licensed broker, submits that he is under no such disability and the contract is a valid one and action on it may be maintained. However, in *Payne v. Volkman* (1924), 183 Wis. 412, 198 N. W. 438, an action was begun by two associated brokers, one of them licensed, the other unlicensed. The statute was then substantially the same as it is now. This court determined the contract to be a joint one and the contract being invalid as to the unlicensed broker the contract is invalid *in toto.*

It is true, as plaintiffs say, that this statute was repealed in 1929. It was also promptly re-enacted. We consider that *Payne v. Volkman, supra,* states the correct construction of the present sec. 136.02, Stats., that is, that a joint contract by brokers, one of whom is unlicensed, is invalid as to all.

The appellants tell us that the *Payne* precedent is not applicable because in that case the contract was a joint one whereas, they say, appellants' contract is several. They argue that the "and/or" device gives the contract severability. But we must read the contract as a whole. If the contract gives to the brokers a joint right (and the contract is valid), one commission would be earned by a sale. That was

plaintiffs' own interpretation of their contract. Their complaint demands but one commission, $1,631.25, which is five per cent of the sale price of $32,625. If they had several rights, multiple commissions would be due to the several parties upon any sale and they would have asked for them. Also, the "exclusive listing" was given to Kemmerer and/or Fontana Realty Company, Inc., Broker. The use of the singular, "Broker," shows that the appellants considered that both of them constituted but one broker. The learned trial court considered the contract to be a joint one, and we think necessarily so. Therefore *Payne v. Volkman, supra,* is applicable to the present facts.

Appellants submit that on the date when the outside broker sold the land for the respondent both appellant brokers were then licensed, and sec. 136.11, Stats., quoted above, validates their listing even if it was void in its inception, much as sec. 245.36 confers legitimacy upon a natural child when the parents subsequently intermarry. Sec. 136.11 does not accomplish that result. We construed sec. 136.11 in *Levy v. Birnschein* (1932), 206 Wis. 486, 240 N. W. 140, holding it to be a remedial statute. Its effect is to place upon the one bringing the suit the burden of showing that he was duly licensed, and it does not affect the cause of action. Sec. 136.02 required Fontana Realty Company, Inc., to be licensed in order to do business or to hold itself out as a broker. Sec. 136.11 does not dispense with the requirement of sec. 136.02, *Levy v. Birnschein, supra.* The corporation's failure to meet that requirement rendered void its own and Kemmerer's attempt to procure a valid listing. Their attempted contract was invalid in its inception. It came into the world stillborn. Sec. 136.11 does not breathe life into it. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.