GEORGE NANGEN & CO., an Illinois corporation, Plaintiff,

v.

KENOSHA AUTO TRANSPORT CORPORATION, an Ohio corporation, Defendant.

No. 64–C–2.

United States District Court
E. D. Wisconsin.

Feb. 10, 1965.

Ray T. McCann and Richard A. Mc-Dermott, Milwaukee, Wis., for plaintiff.

Lawrence S. Ruetz, Kenosha, Wis., Howard R. Koven and Sheldon Karon, ·Chicago, Ill., for defendant.

GRUBB, District Judge.

Defendant has moved for dismissal of this diversity action for recovery of a ·commission. Plaintiff is an Illinois corporation engaged in the business of a finder and broker of businesses and business assets. Defendant is an Ohio corporation, licensed to transact business in the State of Wisconsin. It has its principal office and place of business at Keno-.sha, Wisconsin.

The parties entered into an agreement ·on June 2, 1962, at Kenosha, Wisconsin, ·whereunder defendant employed plaintiff to find a buyer for its business of highway transportation of automobiles. The business includes assets consisting of real ·property having an aggregate fair market value in excess of $4,000,000. Sub-.sequently it was agreed that the sale could be of assets or of capital stock and on a time-payment basis. The later agreement was arrived at outside the State of Wis-·consin.

Plaintiff contacted the Jupiter Corporation, a diversified holding corporation of Chicago, Illinois, as a prospective pur-chaser for defendant's business. Through plaintiff's efforts, representatives of Jupiter Corporation were introduced to representatives of defendant. As a result of the services and efforts of plaintiff on behalf of defendant, a sale of defendant's business to Jupiter Corporation was negotiated and agreed upon.

Defendant contends that the bringing of this suit is barred under the provisions of Chapter 136 of the Wisconsin Statutes. The controlling provisions are as follows: [1]

"136.11 *Limitation on actions for commissions.*

No person engaged in the business or acting in the capacity of a real estate broker or salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he was a duly licensed broker or salesman at the time the alleged cause of action arose."

"136.01 *Definitions.* * * *

"(2) 'Real estate broker' means any person not excluded by sub. (6), who:

\* \* \* \* \* \*

"(d) For another and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of any business, its good will, inventory, fixtures or an interest therein; or

"(e) Is engaged wholly or in part in the business of selling business opportunities or good will of an existing business or is engaged wholly or in part in the business of buying and selling, exchanging or renting of any business, its good will, inventory, fixtures or an interest therein."

The complaint in this action fails to allege, and plaintiff has not offered to

---

[1]. The quoted portions of the statute are set forth as amended in 1963. Amendments embody no substantive changes from earlier versions of the statute.

prove, that it was a duly licensed broker at the time the alleged cause of action arose.

Plaintiff challenges the application of the statute where the agreement was executed outside the State of Wisconsin. The case of Reed v. Kelly, 177 F.2d 473 (7th Cir.1949), considered and determined the question here presented. In this case an Illinois broker sued in the United States District Court for the Western District of Wisconsin to recover a broker's commission purportedly earned for procuring a sale of realty located in Wisconsin. Plaintiff was not licensed in Wisconsin as a real estate broker. It contended, as does plaintiff here, that the statute is intended to regulate only brokers operating within the State of Wisconsin. Since the contract was executed and performed in the State of Illinois, the plaintiff in Reed claimed that the statute was inapplicable. Based on a review of Wisconsin cases construing the statute and of applicable law concerning the conflicts of law rules and the implementation of public policy as to remedies for enforcement of contracts, the court held that since enforcement of the contract was forbidden by the positive law of Wisconsin, there was no error in dismissing the complaint.

■ The facts as they appear on this motion indicate that the agreement between the parties in the instant case may have more substantial contacts in Wisconsin than those involved in Reed v. Kelly, supra. Here the initial agreement that plaintiff was to find a buyer was executed in Wisconsin. The subsequent agreement, executed in Illinois, merely altered the terms on which defendant was willing to sell.

The agreement between plaintiff and defendant was void from its inception. Plaintiff is barred from invoking the remedial statute that gives it the right to pursue a cause based on this agreement in the courts of the State of Wisconsin. Kemmerer v. Roscher, 9 Wis.2d 60, 64, 100 N.W.2d 314 (1960). If the courts of Wisconsin refuse to enforce plaintiff's contract, "the federal courts must do likewise." Reed v. Kelly, supra, 177 F.2d at 475.

Plaintiff also contends that it is outside the bar of the provisions of Chapter 136 because it acted as a "finder" of a purchaser rather than as a broker, and for the further reason that the terms of the purchase and sale, as negotiated, provided for sale of the capital stock of defendant's business and not of the real property.

■■ Under its agreement with defendant, plaintiff was to find a buyer willing to purchase defendant's business on stated terms. This constitutes an attempt to negotiate a sale and brings plaintiff within the definition of a real estate broker under Section 136.01(2)(d) of the Wisconsin Statutes. The term "negotiation" as used in the context of transactions within the statute has been interpreted as comprehending efforts of the broker to interest a prospective purchaser and bringing him to the point of being considered a likely buyer. Munson v. Furrer, 261 Wis. 634, 639, 53 N.W.2d 697 (1952); Dunn & Stringer Investment Company v. Krauss, 264 Wis. 615, 618, 60 N.W.2d 346 (1953).

■ In its complaint plaintiff alleges that defendant employed it to find a buyer for its business. It does not offer proof that its activities were those of a securities' broker or that it qualified as such under Chapter 189 of the Wisconsin Statutes. The sale of defendant's business involved transfer of ownership of substantial real estate and other assets located in the State of Wisconsin. On the record as presented on this motion, plaintiff acted as a broker for defendant in finding a purchaser for its business. Under Section 136.11 of the Wisconsin Statutes, plaintiff is barred from pursuing his remedy for recovery of a commission for his activities in the courts of the State of Wisconsin and in this court because of his failure to allege and prove that he was a duly licensed broker at the time the alleged cause of action arose.

Defendant's motion to dismiss the complaint must be and it is hereby granted.