**Max A. GOLDSMITH, Plaintiff,**

v.

**WALKER MANUFACTURING COMPA- NY, Inc., a Delaware corporation, Defendant.**

**No. 67-C-107.**

United States District Court
E. D. Wisconsin.

Jan. 24, 1969.

Samuel E. Hirsch, Chicago, Ill., Phillip C. Kelly, Jackson, Mich., for plaintiff.

Reginald W. Nelson, Milwaukee, Wis., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

REYNOLDS, District Judge.

This is a diversity action for breach of contract. The case was transferred to this district from the Eastern District of Michigan by order of the Michigan court in response to the defendant's motion for a change in venue. The case is now before this court on the defendant's motion for summary judgment.

Taking only those facts necessary to the disposition of defendant's motion and construing them in that light most favorable to the plaintiff, the court finds that in the early part of 1955, as the result of a contact established through one of plaintiff's field representatives working in Wisconsin, the plaintiff met with the president of Walker Manufacturing Company of Wisconsin (hereinafter referred to as "Walker of Wisconsin") at its Racine, Wisconsin, office. On that occasion a general oral agreement was reached, according to the terms of which the plaintiff was to find a purchaser for Walker of Wisconsin or arrange a tax-free reorganization involving and acceptable to said corporation. This understanding also included an agreement by Walker of Wisconsin to pay the plaintiff a reasonable commission for his services upon the completion of such a transaction, the details of such compensation to be worked out at a later date.

Pursuant to such understanding, plaintiff expended many hours of time and large sums of money in travel, meetings, interviews, and communications on behalf of Walker of Wisconsin in his attempt to find a purchaser or negotiate a merger. In the course of such endeavors, plaintiff had numerous meetings with various officers of Walker of Wisconsin, all but a few of such meetings having taken place in Wisconsin.

After the plaintiff had worked on the project for some time, he met Joseph Patrick, a New York City broker. The plaintiff and Patrick discussed the Walker of Wisconsin situation and subsequently agreed to cooperate in working out a sale or merger. This joint endeavor was later disclosed to Walker of Wisconsin.

On June 30, 1959, as the result of an arrangement worked out in large part by Joseph Patrick, Walker of Wisconsin conveyed all of its assets to Walker of Delaware, a wholly owned subsidiary of Kern County Land Company, in exchange for common stock of Kern County Land Company. Walker of Wisconsin was subsequently liquidated, and the Kern stock which it held was distributed to its shareholders. Plaintiff did not take part in the actual negotiations of this transaction, but it would appear that he did advise Walker of Wisconsin on some financial aspects of the proposed transfer.

Subsequent thereto, Joseph Patrick and Walker of Wisconsin reached an agreement on the commission owing to Patrick, and he executed a release upon receipt of payment. Walker of Wisconsin denied any obligation to the plaintiff and refused to honor his requests for payment of a reasonable commission.

Plaintiff has filed suit alleging (1) breach of contract, and (2) violation of the fiduciary relationship which is said to have existed between plaintiff and defendant as the result of plaintiff's disclosures to Walker of Wisconsin regarding the Kern County Land Company. Inasmuch as plaintiff's second count is phrased in conclusions, and there are no additional facts before this court as to the source and/or nature of the alleged

fiduciary relationship, it is the opinion of this court that the second count is in substance but a rephrasing of the first —a claim for a commission due under a contract.

Defendant's motion for summary judgment is based on the grounds that plaintiff's claim is barred by (1) the statute of limitations; (2) the plaintiff's lack of a real estate broker's license as required by Chapter 136 of the Wisconsin Statutes; and (3) the release given to defendant by Joseph Patrick. I am of the opinion that the defendant's motion must be granted on the second ground (that the plaintiff did not possess the requisite real estate broker's license at the time of the transaction in question), and therefore conclude that the first and third grounds of defendant's motion need not be considered in the disposition of this case.

As to the second ground, defendant contends that plaintiff's action is totally barred by the provisions of Chapter 136 of the Wisconsin Statutes (1965). The relevant portions of that chapter provide:

"136.11 Limitation on actions for commissions. No person engaged in the business or acting in the capacity of a real estate broker or salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he was a duly licensed broker or salesman at the time the alleged cause of action arose."

"136.01 Definitions. As used in this chapter:

\*    \*    \*    \*    \*    \*

"(2) 'Real estate broker' means any person not excluded by sub. (6), who:

"(a) For another, and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an interest or estate in real estate;

\*    \*    \*    \*    \*    \*

"(d) For another and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of any business, its good will, inventory, fixtures or an interest therein; or

"(e) Is engaged wholly or in part in the business of selling business opportunities or good will of an existing business or is engaged wholly or in part in the business of buying and selling, exchanging or renting of any business, its good will, inventory, fixtures or an interest therein."

The affidavits filed in support of defendant's motion allege that plaintiff was acting as a real estate broker without having obtained a license for such activity as required by Chapter 136 of the Wisconsin Statutes. Rule 56(e) of the Federal Rules of Civil Procedure provides:

"(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ Plaintiff did not file counteraffidavits in opposition to the defendant's allegation that plaintiff was acting as a real estate broker within the meaning of Chapter 136; nor has he shown that he is entitled to relief under Rule 56(f). It, therefore, is clear to this court that there remains no issue of fact as to whether plaintiff was a real estate broker within the meaning of Chapter 136 of the Wisconsin Statutes, and that for purposes of this motion the court must assume that plaintiff was acting as such a broker.

Having so found, the only remaining issue is the legal question of whether Chapter 136 of the Wisconsin Statutes is constitutional as applied to a nonresident broker endeavoring to collect a fee for services rendered in Wisconsin.

■ Plaintiff contends that Chapter 136 (requiring the licensing of all brokers acting in Wisconsin) is unconstitutional as a violation of the commerce clause as well as the 5th and 14th amendments. This theory is without merit. The regulation and licensing of nonresident as well as resident real estate brokers has been held constitutional in the face of due process and equal protection attacks in many prior cases. E. g., Business Brokers Assn. v. McCauley, 255 Wis. 5, 38 N.W.2d 8 (1949); Payne v. Volkman, 183 Wis. 412, 198 N.W. 438 (1924). The statute has been upheld as a valid exercise of the state's police power designed to protect Wisconsin residents. Hilboldt v. Wisconsin Real Estate Brokers Board, 28 Wis.2d 474, 137 N.W.2d 482 (1965).

■ Likewise, without merit is the plaintiff's contention that the law of Wisconsin is not the law applicable to this case. The Restatement of the Conflict of Laws, § 332, provides:

"The law of the place of contracting determines the validity and effect of a promise with respect to

"(a) capacity to make the contract;

* * * * * *

"(e) fraud, illegality, or any other circumstances which make a promise void or voidable; * * *."

Furthermore, the cases of Reed v. Kelly, 177 F.2d 473 (7th Cir.1949), and George Nangen & Co. v. Kenosha Auto Transport Corp., 238 F.Supp. 157 (E.D. Wis.1965), are dispositive. In the *Reed* case, the Seventh Circuit Court of Appeals affirmed the district court's decision to deny an Illinois real estate broker who was not licensed in Wisconsin a commission on the sale of land located in Wisconsin even though the listing contract was executed and performed in Illinois.

The *Nangen* case, supra, involved a similar fact situation. In *Nangen,* however, the initial listing agreement was executed in Wisconsin, and Judge Grubb said at 159:

"The agreement between plaintiff and defendant was void from its inception. Plaintiff is barred from invoking the remedial statute that gives it the right to pursue a cause based on this agreement in the courts of the State of Wisconsin. Kemmerer v. Roscher, 9 Wis.2d 60, 64, 100 N.W.2d 314 (1960). If the courts of Wisconsin refuse to enforce plaintiff's contract, 'the federal courts must do likewise.' Reed v. Kelly, supra, 177 F.2d at [473] 475."

■ Therefore, having found that Chapter 136 is constitutional, and since I must assume for purposes of this motion that it is applicable to the facts of this case if it is constitutional, it is my opinion that the defendant's motion for summary judgment must be granted on the ground that the plaintiff was not a licensed real estate broker as required by Wisconsin law. For this reason,

It is ordered that the defendant Walker Manufacturing Company's motion for summary judgment must be and it hereby is granted.