Submitted on record and briefs March 3, reversed July 16, 1969

CERTIFIED REALTY COMPANY, *Repond-ent, v.* REDDICK ET UX, *Appellants.*

456 P2d 502

Frank L. Whitaker, Portland, for appellants.

Reiter, Day, Wall & Bricker, Frank E. Day and Zig I. Zakovics for respondent.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an action by a real estate broker to recover a sales commission under a non-exclusive listing agreement. Defendants appeal from a judgment awarding plaintiff a commission of $6,500 plus interest.

Plaintiff is a real estate broker licensed under the laws of both Oregon and Washington. On June 22, 1965 plaintiff's agents, Cecil Emert and Ollie Sederdale, who were licensed real estate salesmen in Oregon but not in Washington, travelled to Moses Lake, Washington where they persuaded defendants to sign the non-exclusive listing agreement upon which this action is based. The agreement provided for its expiration on September 22, 1965. Cecil Emert, the salesman who signed the listing, became a licensed real estate salesman under the laws of Washington on July 14, 1965.

During the period from June 22, 1965 to late July or early August of that year plaintiff attempted to arrange a deal by which defendants' motel would be exchanged for a fish hatchery in Oregon. The exchange did not materialize. However, as a result of these negotiations the availability of defendants' motel came to the attention of the Al Isaak & Co. realty office in Salem, Oregon. The Isaak firm eventually succeeded in negotiating an exchange of defendants' motel for a ranch in Oregon. Plaintiff's agent, Ollie Sederdale, participated to a limited extent in these negotiations.

The contract for exchange of the motel for the ranch was signed on September 21, 1965 and the final "Sale Agreement" was signed on October 1, 1965. No agent of plaintiff was present when the final sale agreement was signed. Defendants at that time objected to paying any commission to plaintiff. An agent of the Al Isaak & Co. realty office then called the agent of plaintiff who had participated in the negotiations.[①] After the telephone call the agent at the Al Isaak & Co. realty office deleted plaintiff's name from the contract and defendants signed it.

The trial court, applying Washington law, held that plaintiff was entitled to recover. The trial court based its conclusion upon language found in *Irons Inv. Co. v. Richardson,* 184 Wash. 118, 50 P2d 42 (1935). In that case the court held that a broker could not recover his commission where the transaction he was negotiating was consummated approximately one week before he obtained his license. After developing the reasons for precluding the recovery of commissions by unlicensed brokers, the court in the last paragraph of the opinion said:

> "In order to recover a real estate broker's commission, a party must have a real estate broker's license at the time that he renders the service for which he seeks payment of a commission. Goldin v. Shankroff, 125 Misc. 822, 211 N.Y.S. 569; Davis v. Chipman, 210 Cal. 609, 293 P. 40." 50 P2d at 45-46.

---

[①] The testimony regarding the substance of that telephone conversation is vague. The testimony might be construed to indicate that plaintiff's agent waived his right to a commission in order to get the deal signed. However, appellant has not raised this contention on appeal. The trial court made no finding of fact on this matter, but did state as a conclusion of law that defendants' efforts to cancel the listing agreement was ineffectual as they had no legal right to do so.

In its memorandum opinion the trial court quoted this part of the *Irons* case and then said:

> "Applying the facts of the instant case to that portion of the Iron opinion quoted immediately above, I find that all of the services for which plaintiff seeks recovery in this action were rendered subsequent to the issuance of the salesman's license to Cecil E. Emert and during the whole time plaintiff, Certified, was a licensed broker. I, therefore, conclude that plaintiff is entitled to recover."

Defendants take issue with the trial court's interpretation of the holding in the *Irons* case. Defendants read the case as holding that before a broker can recover his commission he must obtain a license prior to the time he enters upon *any activity* directed toward the sale of another's property, including the act of taking a listing, the rationale being that the act of taking a listing without first obtaining a license is illegal and that the statute was intended to preclude recovery in any case in which the broker engaged in an illegal act.

We agree with defendants' interpretation of the *Irons* case. In that case the defendant urged that the action was barred by Rem. Rev. Stat. § 8340-20, as amended, RCWA 18.85.100, which provided that "[n]o suit or action shall be brought * * * for the collection of compensation for the performance of any of the acts mentioned in section 8340-5 [requiring a license to act as a real estate broker] without alleging and proving that the plaintiff was a duly licensed real estate broker at the time the alleged cause of action arose." The broker in that case contended that he had obtained his license before the sale of the property was finally consummated and therefore he was duly licensed at the time the cause of action for the

recovery of his commission arose. The court rejected this argument for three reasons, each of which constitutes an alternative ground for the decision in the case. First, the court found that the transaction for which compensation was sought had been consummated before the broker's license was obtained and therefore the plaintiff was not duly licensed "at the time the alleged cause of action arose." However, the court went on to explain that compliance with the condition precedent recited in Rem. Rev. Stat. § 8340-20 was not the sole condition limiting the broker's right to recover his commission. The court held that other statutes imposed upon the broker "an added" burden of compliance, including compliance with Rem. Rev. Stat. § 8340-5 making it unlawful for any person "to engage in the business or act in the capacity of real estate broker within this state without first obtaining a license," and Rem. Rev. Stat. § 8340-17 making it a misdemeanor for any person to act "as a real estate broker within the meaning of this act without a license." Under Rem. Rev. Stat. § 8340-4 a real estate broker was defined as "a person who * * * performs *one or more acts* of selling or offering for sale, buying or offering to buy, *negotiating* or *offering to negotiate,* either directly or indirectly * * * the purchase, sale, exchange, lease or rental of real estate * *. * for another." (Emphasis added.) As a third alternative ground for its decision the court held that "[a]ppellant's *agreement to perform,* and its performance of the alleged service, was illegal" and that "[w]hen a plaintiff, to make a case, must rely upon an illegal contract or upon the performance of an illegal act, he cannot recover." 50 P2d at 45.

. ■ Adopting the reasoning of the *Irons* case it would seem that the Washington court would be com-

pelled to conclude that the act of plaintiff's salesman in obtaining a listing in Washington while not licensed under Washington law would constitute illegal conduct and therefore preclude recovery of the commission.

The Washington statute defining "real estate broker" and "real estate salesman" was amended several times after the decision in the *Irons* case but these amendments did not materially change the description of the activities falling within the scope of the rule in *Irons*. The statute now reads:

> " 'Real estate broker,' * * * means a natural or artificial person, acting independently, who for commissions or other compensation, engages in the purchase, sale, exchange, rental, or negotiation therefor, of real estate, or interest therein, and for business opportunities or interest therein, belonging to others, or holds himself out to the public as being so engaged * * *." RCWA 18.85.010.

■ The listing agreement provided that plaintiff was to find a buyer for defendants' property. As the court held in *George Nangen & Co. v. Kenosha Auto Transport Corp.*, 238 F Supp 157, 159 (E.D. Wis 1965), such an agreement "constitutes an attempt to negotiate a sale" and thus the agreement would come within RCWA 18.85.010.[2]

We therefore hold that under Washington law plaintiff is precluded from recovery even though its salesman had a Washington license prior to the consummation of the exchange of properties.

---

[2] In Hunter v. Cunning, 176 Or 250, 288, 154 P2d 562, 157 P2d 510 (1944) we noted a distinction between a statute which expressly included the activity of listing real estate for sale and a statute which did not. Whatever may be said for the validity of that distinction, we think that the obtaining of a listing agreement constitutes the beginning point of a "negotiation" for the sale of property and falls within the statutory definition.

Plaintiff points out that RCWA 18.85.100 provides only that "[n]o  *  *  *  action shall be brought for the collection of compensation  *  *  *  without alleging and proving that the *plaintiff* was a duly licensed real estate broker  *  *  *  at the time the alleged cause of action arose." (Emphasis added.) Plaintiff contends that since he as plaintiff was licensed in Washington the condition of the statute is satisfied even though plaintiff's salesman was not licensed at the time the cause of action arose.[3] As we previously explained, under the court's reasoning in the *Irons* case a broker is precluded from recovery not only because he fails to comply with Rem. Rev. Stat. § 8340-20, as amended, RCWA 18.85.100, but also if any of the other statutes referred to are violated. In the present case other statutes were violated rendering illegal the contract upon which plaintiff must base his recovery.

Under Oregon law plaintiff would also be barred from recovery. In *Hunter v. Cunning,* 176 Or 250, 154 P2d 562, 157 P2d 510 (1944) it was held that where plaintiff entered into a listing contract with the seller without first obtaining a license as required by statute the contract was illegal and plaintiff could not recover his commission. In reaching this conclusion the court relied upon the *Irons* case, adopting the reasoning of the Washington court which we have summarized above.[4]

It is our conclusion that since plaintiff's claim to a commission rests upon an illegal listing agreement

---

[3] Support for this interpretation of the statute can be found in Pound v. Brown, 258 Iowa 994, 140 NW2d 183 (1966).

[4] We recognize that there are cases which permit real estate agents to recover under circumstances similar to those presented in the case at bar. See Annot., 169 ALR 767, 779 (1947).

it is not entitled to recover under either Washington or Oregon law. Therefore the judgment must be reversed.

Judgment reversed.