Submitted on record and appellant's brief July 11, 1969,
affirmed January 21, 1970

## CARNAHAN, *Appellant, v.* McCARVER ET UX, *Respondents.*

463 P. 2d 657

Irving Rand and John L. Jacobson, Baker, for appellant.

No appearance made by the respondent.

PERRY, C. J.

A demurrer was sustained to plaintiff's complaint on the grounds that the complaint did not state a cause of action and plaintiff appeals.

Omitting the formal parts, the amended complaint reads as follows:

"I

"At all times herein mentioned Defendants have been and are husband and wife. In January, 1968, Defendants were owners of farm land in Eagle Valley, Baker County, Oregon, and desirous of selling the same.

"II

"At said time Plaintiff, at the special instance and request of Defendants, furnished to Defendants certain information, then unknown and then valuable to them, namely the names and address of persons to-wit: Robert Cullen and his wife, Mary Cullen, interested in purchasing from Defendants, and who thereafter did purchase from the Defendants, the farm land Defendants were desiring to sell.

"III

"For the information so furnished Defendants promised and agreed to pay Plaintiff the sum of $1,425.00, and said sum is a reasonable sum to be paid for said information, and there thus became due from Defendants to Plaintiff the sum of $1,425.00, which is now past due, owing and unpaid from Defendants to Plaintiff, and which Defendants have failed, refused and neglected to pay."

The issue presented is whether the plaintiff without being a licensed real estate broker can recover the money defendants promised to pay for furnishing the name of a prospective purchaser. ORS 696.710.

The demurrer was sustained on the basis that the supplying of the names of the purchasers who plaintiff believed might be interested in the purchase of

defendants' farm constituted a violation of paragraph (8) (j) of ORS 696.010.

A real estate broker, insofar as the present matter is concerned, is defined as "any person who, for another and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation: * * * [a]ssists or directs in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate." ORS 696.010 (8) (j).

ORS 696.040 provides that a single act or transaction defined in the above act in the expectation of being paid constitutes an act that must be performed by a licensed real estate broker or real estate salesman.

The plaintiff argues that merely supplying information as to who might be interested in purchasing real estate does not constitute assisting another in the procuring of prospects.

In *Lane County v. Heintz Const. Co. et al.,* 228 Or 152, 364 P2d 627, we reaffirmed the rule that statutes which constrict the rights of individuals freely to contract with respect to lawful matters are to be strictly construed. This rule, however, will not aid plaintiff. The statutes here involved clearly and explicitly prevent others than brokers from receiving remuneration for aiding another in consummating the sale of real property by furnishing the name or names of interested purchasers.

The judgment of the trial court is affirmed.