**Merritt R. C. SCHOENFELD, Plaintiff,**

v.

**SILVER MOON SPRINGS, INC., a corporation, and Edward P. Langenfeld, Defendants.**

**No. 70–C–527.**

United States District Court, E. D. Wisconsin.

April 20, 1971.

Victor M. Harding, Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for plaintiff.

Ray T. McCann, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a diversity action for a commission alleged to be due the plaintiff for finding a purchaser for the defendants' business property in Sheboygan County, Wisconsin. The defendants have moved for summary judgment.

Count I of the complaint alleges, in part:

"4. In the early part of 1969 the defendants contracted to pay the plaintiff a finder's fee of 6% if the plaintiff were successful in finding a buyer for Silver Moon Springs, the said fee to be based on the purchase price and paid within ten days after the date of sale, it being understood that the plaintiff would merely act as a finder and would not participate in actual negotiations with the buyer.

"5. In reliance thereon, the plaintiff devoted considerable time and energy, and incurred considerable expense, in efforts to interest various prospects in buying Silver Moon Springs, during the year 1969 and during the first three months of 1970.

"6. During the course of this period, one of the prospects introduced by the plaintiff to the defendants purchased Silver Moon Springs for a cash price of Two Hundred Fifty Thousand Dollars ($250,000), closed on or about May 1, 1970.

"7. Plaintiff has made demand on the defendants for the 6% commission on said sale, namely the sum of Fifteen Thousand Dollars ($15,000), but defendants have failed and refused to pay said amount, or any other amount."

Count II sets out an alternative cause of action in which it is asserted that the defendants are liable on the basis of the existence of an implied contract, or quantum meruit.

In general, the defendants advance two grounds upon which they base their contention that the plaintiff cannot succeed in his action: (1) although styled a "finder," the plaintiff is in reality a "broker" and (2), as such, the plaintiff has failed to comply with, or falls within the prohibitions of, §§ 136.02, 136.11 [now §§ 452.03 and 452.13, Wis.Stats. (1969)] and 240.10, Wis.Stats. (1967). The parties apparently do not dispute that Wisconsin law is applicable to this action, nor has any contention been made

that the plaintiff is a "business broker" and consequently subject to a different group of statutes. See Business Brokers Association v. McCauley, 255 Wis. 5, 38 N.W.2d 8 (1949); Schaller v. Litton Industries, Inc., 307 F.Supp. 126 (E.D.Wis. 1969); Annot., 24 A.L.R.3d 1160 (1969).

Sections 136.02 and 136.11 state, in part:

"136.02 Brokers and salesmen licensed.

"No person shall engage in or follow the business or occupation of, or advertise or hold himself out as or act temporarily or otherwise as a real estate broker or salesman without a license.

"136.11 Limitation on actions for commissions.

"No person engaged in the business or acting in the capacity of a real estate broker or salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he was a duly licensed broker or salesman at the time the alleged cause of action arose."

In addition, § 136.01 [now § 452.01, Wis.Stats. (1969)], Wis.Stats. (1967), says, in part:

"136.01 Definitions. As used in this chapter:

\* \* \* \* \* \*

"(2) 'Real estate broker' means any person not excluded by sub. (6), who:

"(a) For another, and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an interest or estate in real estate;

"(b) Is engaged wholly or in part in the business of selling real estate to the extent that a pattern of real estate sales is established, whether or not such real estate is owned by such person \* \* \*."

In their affidavits in support of their motion, the defendants include a portion

of a deposition of the plaintiff taken earlier this year. The plaintiff's statements are to the effect that he has never had a real estate broker's license, in Wisconsin or elsewhere.

■ With reference to §§ 136.02 and 136.11, the defendants are correct in stating that one who acts as a real estate broker, but who does not have the required license, may not sue for the collection of a commission alleged to be due as a result of his services. Numerous cases have upheld this statutory prohibition. See, e. g., Reed v. Kelly, 177 F.2d 473 (7th Cir. 1949); Schaller v. Litton Industries, Inc., 307 F.Supp. 126 (E.D.Wis.1969); Goldsmith v. Walker Mfg. Co., 295 F.Supp. 1037 (E.D.Wis. 1969); George Nangen & Co. v. Kenosha Auto Transport Corp., 238 F.Supp. 157 (E.D.Wis.1965); Kemmerer v. Roscher, 9 Wis.2d 60, 100 N.W.2d 314 (1960).

On the other hand, the plaintiff argues that he is not a "broker," and thus not subject to §§ 136.02 and 136.11, because a "finder" is not a broker and because he has not engaged "in the business of selling real estate to the extent that a pattern of real estate sales is established." Section 136.01(2) (b), Wis. Stats. (1967). However, if the plaintiff fits the definition of subsection (2) (a), it is immaterial whether he might not be within the "pattern of real estate sales" covered in subsection (2) (b).

While I am inclined to believe that the plaintiff is doomed under chapter 136, it is clear that the plaintiff faces an insurmountable hurdle in the form of § 240.10(1), Wis.Stats. (1967), which states:

"(1) Every contract to pay a commission to a real estate agent or broker *or to any other person* for selling or buying real estate shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller, be in writing *and be subscribed by the*

*person agreeing to pay such commission."* (Emphasis added.)

■ I believe that this statute bars the plaintiff's action because the alleged contract was oral and because the phrase, "any other person," is broad enough to include the plaintiff.

The plaintiff's counteraffidavit does not effectively refute the defendants' allegation that the contract to pay the commission was oral. In paragraph 10 of his affidavit the plaintiff states:

"Defendant Langenfeld stated to affiant that if affiant did find a buyer who met the terms of sale, defendants would pay affiant a commission equal to six percent (6%) of the sale price. This agreement was reached between affiant and defendant Langenfeld orally and was confirmed by affiant in his letter to Langenfeld on March 29, 1969."

■ The fact that the plaintiff later confirmed in writing what he thought was the understanding reached with the defendants cannot save his action. Section 240.10 is clear in stating that the "contract or note or memorandum" must be "subscribed by the person agreeing to pay such commission." Furthermore, as an extension of the statute of frauds, § 240.10 prohibits actions in quantum meruit or on implied contracts. Leuch v. Campbell, 250 Wis. 272, 26 N.W.2d 538 (1947). In Hale v. Kreisel, 194 Wis. 271, 273, 215 N.W. 227, 228 (1927), the court said:

"The fact that practically every court that has considered [the question of whether there can be recovery in quantum meruit for services rendered under a contract void under the statute of frauds] under legislative enactments similar to section 240.10 of the Statutes has held that there can be no recovery upon *quantum meruit* has led this court to carefully reconsider the question. That consideration has led to the conclusion that the rule in Wisconsin must be brought into harmony with the clear intent of the Legislature, and also into harmony with the adjudicated cases by holding that there

can be no recovery in the nature of commissions by real estate brokers *or others* [emphasis added] upon *quantum meruit* for services rendered in buying or selling real estate."

See also Purtell v. Tehan, 29 Wis.2d 631, 139 N.W.2d 655 (1966); Geis v. McKenna, 10 Wis.2d 16, 102 N.W.2d 101 (1960); Setzkorn v. Admil, Inc., 230 Wis. 646, 284 N.W. 544 (1939); Nickoll v. Racine Cloak & Suit Co., 194 Wis. 298, 216 N.W. 502 (1927).

Finally, while § 240.10 says "any other person for selling or buying real estate," it should be noted that in Grinde v. Chipman, 175 Wis. 376, 378, 185 N.W. 288 (1921), the court stated:

"By the great weight of authority, the words 'to sell' or 'to procure a purchaser' are synonymous terms when used in a real estate brokerage contract or listing agreement."

The fact that the plaintiff may only have "found" a purchaser is not enough, in my opinion, to exempt him from the operation of the statute. Cf. George Nangen & Co. v. Kenosha Auto Transport Corp., 238 F.Supp. 157 (E.D.Wis.1965). The defendants' motion must be granted.

Therefore, it is ordered that the defendants' motion for summary judgment be and hereby is granted.