Argued and submitted June 29, affirmed September 26, 1984

FIELDS, dba Fields Realty,
*Appellant,*

*v.*

MACNAB et al,
*Respondents.*

(17573; CA A30222)

688 P2d 409

Katherine J. Schroeder, Vale, argued the cause for appellant. On the briefs was W. F. Schroeder, Vale.

Donald W. McEwen, Portland, argued the cause for respondents Macnab. With him on the brief was Don G. Carter, Portland.

Timothy M. Brittle, Portland, attorney for respondent Kargl, Elwood & Geiger, Inc., joined in the brief of respondents Macnab.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff, an out-of-state broker, appeals a summary judgment that dismissed his action to recover a real estate commission from Oregon sellers and an Oregon broker. We affirm.

■ This case represents another attempt by a non-Oregon real estate broker to avoid the effect of this state's statutory licensing requirements. The record on summary judgment is viewed in the light most favorable to plaintiff, the party opposing the motion. Viewed in that light, the record indicates that plaintiff is a Washington real estate broker, who is not licensed to do business in Oregon. In June or July, 1980, plaintiff and Edward Geiger, of the Oregon real estate firm of Kargl, Elwood & Geiger, Inc. (KEG, Inc.), agreed to cooperate regarding the possible sale of Greenacres, a ranch owned by defendants Macnab.[1] On August 16, 1980, plaintiff met with the Macnabs in The Dalles. Geiger was unable to attend due to a previous commitment. During the course of that meeting, the Macnabs executed a listing agreement which, among other things, established an asking price for Greenacres of $584,800, of which 10 percent was to be paid as a broker's commission. Plaintiff retained the listing agreement, which he later delivered to Geiger for his signature. Thereafter, a buyer was found, who made a purchase money deposit with KEG, Inc. However, the Macnabs refused to sell or to pay the agreed commission, and plaintiff filed this action. KEG, Inc., refused to join as a co-plaintiff, so it was joined as a defendant with the Macnabs.[2]

■ Under ORCP 47, a party moving for summary judgment must establish that (1) there is no issue as to any material fact and (2) he is entitled to judgment as a matter of law. *See Seeborg v. General Motors Corp.,* 284 Or 695, 699, 588 P2d 1100 (1978). The summary judgment in this appeal is based on ORS 696.020 and 696.710. The trial court interpreted these provisions to preclude plaintiff's use of the Oregon

---

[1] The agreement allegedly provided that plaintiff and KEG, Inc., would receive 90 percent and 10 percent respectively of any commission.

[2] In its answer, KEG, Inc., denied any liability, but it alleged in the alternative that should plaintiff obtain any recovery, KEG, Inc., was entitled to 10 percent thereof.

courts to recover compensation for any real estate activity, because he was not licensed as a broker in this state.

■■    ORS 696.020 provides that no person shall engage in real estate activity in this state without an Oregon real estate license. ORS 696.710 provides, in pertinent part:

> "(1)   No person engaged in the business of, or acting in the capacity of, a real estate broker or appraiser within this state shall bring or maintain any action in the courts for the collection of compensation without alleging and proving that the person was a duly licensed real estate broker or appraiser at the time the alleged cause of action arose."

This provision imposes an absolute bar to bringing and maintaining an action for compensation for real estate activity unless the plaintiff is a licensed real estate agent in Oregon.[3] *Carnahan v. McCarver,* 255 Or 36, 38, 463 P2d 857 (1970); *Jolma v. Steinbock,* 40 Or App 657, 596 P2d 980, *rev den* 287 Or 409 (1979). This rule is so rigidly enforced that we have denied recovery when the plaintiff was not licensed when the initial contacts were made, even though he had obtained an Oregon license by the time the sale was consummated. *Jolma v. Steinbock, supra.* Because it is undisputed that plaintiff is not licensed in Oregon, he is barred by ORS 696.710 from maintaining this action.

■    Nevertheless, plaintiff contends that he is entitled to compensation under ORS 696.290, which provides, in pertinent part:

> "* * * [A] licensed real estate broker may pay a finder's fee or a share of the commission on a cooperative sale where such payment is made to a licensed real estate broker in another state provided that the state in which that broker is licensed has a law permitting real estate brokers to cooperate with real estate brokers in this state and that such nonresident real estate broker does not conduct in this state any of the negotiations for which a fee, compensation or commission is paid. * * *"

This provision allows a licensed Oregon broker to pay a finder's fee to or share a commission with a person not

---

[3] Actually, ORS 696.030 exempts a broad range of individuals from the requirements of ORS 696.020. However, it does not appear, nor is it argued, that plaintiff fits within any of the exceptions.

licensed in Oregon for a cooperative sale if two conditions are met: (1) the person is licensed in another state that has a law permitting real estate brokers there to cooperate with Oregon brokers; and (2) the nonresident broker does not conduct any negotiations in Oregon.

With respect to the first condition, Washington law allows licensed brokers from that state to cooperate and share commissions with licensed Oregon brokers. RCWA 18.85.330. With respect to the second condition, plaintiff contends that whether he engaged in "negotiations" in Oregon is a material issue of fact which should have been submitted to a jury and not dismissed by summary judgment. We disagree.

In *Certified Realty v. Reddick*, 253 Or 617, 456 P2d 502 (1969), in the context of an action by a real estate broker to recover a commission, the Supreme Court had occasion to interpret the phrase "negotiating or offering to negotiate," as it was used in Washington's counterpart to ORS 696.290. In that case, the court held that executing a listing agreement constitutes an attempt to negotiate a sale. 253 Or at 622. In this case, the uncontradicted evidence shows that plaintiff met with the Macnabs in Oregon, filled out a listing agreement and secured all of their signatures. Admittedly, he retained the agreement for Geiger's signature, but that was a mere formality once the others had signed the agreement. Accordingly, plaintiff cannot qualify as a cooperating broker under ORS 696.290.[4] It therefore was proper to grant summary judgment for defendants.[5]

Affirmed.

---

[4] In any event, it is doubtful whether the statute authorizes an action against the sellers.

[5] Plaintiff also contends that a number of other material fact issues remain in this case, including the existence of a cooperating agreement, whether a ready, willing and able buyer was actually found and whether the earnest money agreement was signed in Oregon or Washington. That contention becomes irrelevant, because if he is legally barred from maintaining an action by ORS 696.710, and if he cannot qualify under ORS 696.290 as a cooperating broker, then he could not prevail in this action under any circumstances.